## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| MICHAEL PEARSON, ANDREW CHILDE, and ANNA SILVER on behalf of and solely in their capacities as Joint Official Liquidators of Diversified Real Estate Development Ltd (in Official Liquidation), GMS Global Market Step Up Note Ltd (in Official Liquidation), Preferred Income Collateralized Interest Ltd (in Official Liquidation), Sentinel Investment Fund SPC (in Official Liquidation), SG Strategic Income Ltd (in Official Liquidation), Sports Aficionados Ltd (in Official Liquidation), Vanguardia Group Inc. (in Official Liquidation), and MICHAEL PEARSON, on behalf of and solely in his capacity as Liquidator of Sentinel Mandate and Escrow Ltd. (in Liquidation), Vanguardia Holdings Ltd. (in Liquidation), Spyglass Investment Management Ltd. (in Liquidation), North Pointe Holdings (BVI) Ltd. (in Liquidation), Biscayne Capital Holdings Limited (in Creditor Voluntary Liquidation), and Biscayne Capital (B.V.I.) Ltd. (in Liquidation), | Civil Action No. 1:21-cv-22437 **Jury Trial Demanded** |
| Plaintiffs, | |
| v. | |
| Deutsche Bank AG, Deutsche Bank Luxembourg S.A., Deutsche Bank Switzerland, and Deutsche Bank Trust Companies Americas, | |
| Defendants. | |

## DEUTSCHE BANK DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' AMENDED COMPLAINT

Defendants Deutsche Bank AG, Deutsche Bank Trust Company Americas, Deutsche

Bank Suisse (S.A.) and Deutsche Bank Luxembourg, S.A. (collectively, the "Deutsche Bank

Defendants"), by their undersigned attorneys, hereby answer Plaintiffs' Amended Complaint, dated September 24, 2021 (the "Amended Complaint").

Except as otherwise expressly set forth below, the Deutsche Bank Defendants deny each and every allegation set forth in the Amended Complaint. The Deutsche Bank Defendants respectfully submit that they are only required to respond, and only do respond, to those allegations made specifically against them and, unless otherwise indicated, the Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of any allegations concerning any other person or entity.

The Deutsche Bank Defendants respectfully submit that the headings, subheadings, and unnumbered paragraphs used in the Amended Complaint do not require a response, but, for the avoidance of doubt, such allegations are denied to the extent they set forth allegations against the Deutsche Bank Defendants.

The Amended Complaint incorporates references to, purported descriptions and/or summaries of, and purported quotations from, various publicly available documents and statements. As indicated throughout this Answer, the Deutsche Bank Defendants respectfully refer the Court to the relevant documents and statements for their complete and accurate content and context without admitting the truth thereof or the admissibility of the documents and statements. To the extent that those purported descriptions, summaries, and quotations are taken from sources not specifically identified in the Amended Complaint, not in the Deutsche Bank Defendants' possession, or are otherwise unclear, the Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations and, in the case of quotations, regarding the accuracy of such quotations.

No statement herein constitutes a comment on the legal theories upon which Plaintiffs purport to proceed; to the extent the Amended Complaint asserts legal conclusions, such legal conclusions require no response in this Answer.  On March 30, 2022, the United States District Court for the Southern District of Florida (the "District Court") entered its opinion, granting in part and denying in part the Deutsche Bank Defendants' motion to dismiss. In particular, the District Court dismissed Plaintiffs' claims against the Deutsche Bank Defendants alleging violations of Florida's Civil Remedies for Criminal Practices Act (Fla. Stat. §§ 772.101-772.19) and Florida's Civil Remedy for Theft or Exploitation Statute (Fla. Stat. § 772.11).  To the extent the allegations in the Amended Complaint pertain to the dismissed claims, the Deutsche Bank Defendants aver that, they are dismissed.  On February 28, 2022, the District Court entered an order denying Deutsche Bank (Suisse) S.A. and Deutsche Bank Luxembourg, S.A.'s (together, the "Foreign Defendants") motion to dismiss for lack of personal jurisdiction, without prejudice to those defendants' ability to renew their motion to dismiss for lack of personal jurisdiction upon the completion of jurisdictional discovery.  In submitting this Answer, the Foreign Defendants do not waive and hereby expressly preserve their defense based on the lack of personal jurisdiction.

For its specific responses to the Amended Complaint, the Deutsche Bank Defendants respond or state as follows:

## SPECIFIC RESPONSES

Plaintiffs Michael Pearson, Andrew Childe, and Anna Silver (hereinafter the "Liquidators"), solely in their capacities as the Foreign Representatives and Joint Official Liquidators of various entities that are currently in official liquidation proceedings before the Grand Court of the Cayman Islands, and pursuant to appointments made in other jurisdictions,

including the British Virgin Islands and Bermuda (collectively, the "Companies"), bring this action against Defendants and allege the following in support of their claims:

1.      To the extent Paragraph 1 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 1 of the Amended Complaint.

2.      To the extent Paragraph 2 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 2 of the Amended Complaint.

3.      The Deutsche Bank Defendants admit that the Amended Complaint refers to Roberto G. Cortes, Ernesto H. Weisson, Juan Carlos Cortes, and Frank Chatburn as the "Individual Wrongdoers" and otherwise deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 3 of the Amended Complaint.

4.      The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 4 of the Amended Complaint.

5.      The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than the Deutsche Bank Defendants and otherwise deny the allegations set forth at Paragraph 5 of the Amended Complaint.

6.      The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 6 of the Amended Complaint.

7.      The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 7 of the Amended Complaint.

8.      The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 8 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

9.      The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 9 of the Amended Complaint.

10.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 10 of the Amended Complaint.

11.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 11 of the Amended Complaint.

12.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 12 of the Amended Complaint.

13.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 13 of the Amended Complaint.

14.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 14 of the Amended Complaint.

15.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 15 of the Amended Complaint.

16.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 16 of the Amended Complaint.

17.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 17 of the Amended Complaint.

18.     The Deutsche Bank Defendants admit that the Amended Complaint defines the Companies as the entities listed in subparts (a)-(m) of Paragraph 18 and otherwise deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 18 of the Amended Complaint including at subparts (a)-(m).

19.     The Deutsche Bank Defendants admit that the Amended Complaint defines the Note Issuers as the entities listed at subparts (a)-(e) of Paragraph 19 and otherwise deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 19 of the Amended Complaint including at subparts (a)-(e).

20.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 20 of the Amended Complaint.

21.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 21 of the Amended Complaint.

22.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 22 of the Amended Complaint.

23.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 23 of the Amended Complaint.

24.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 24 of the Amended Complaint.

25.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 25 of the Amended Complaint.

26.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 26 of the Amended Complaint.

27.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 27 of the Amended Complaint.

28.     The Deutsche Bank Defendants admit that during the period relevant to the Amended Complaint, Deutsche Bank AG's New York Branch was located at 60 Wall Street,

New York, NY, USA and Deutsche Bank AG's London Branch was located at 1 Great Winchester Street, EC2n 2DB London, Great Britain.

29.     The Deutsche Bank Defendants admit the allegations set forth at Paragraph 29 of the Amended Complaint except that note that the entity identified at subparagraph (c) is formally named Deutsche Bank Trust Company Americas, which during the period relevant to the Amended Complaint, maintained a principal place of business at 60 Wall Street, New York, NY, USA.

30.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 30 present a complete, fair, and accurate description of the matters described therein, and respectfully refer the Court to the Deutsche Bank Defendants' public disclosures concerning the same for their complete and accurate content and context.

31.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 31 present a complete, fair, and accurate description of the matters described therein, and respectfully refer the Court to the Deutsche Bank Defendants' public disclosures concerning the same for their complete and accurate content and context.

32.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 32 present a complete, fair, and accurate description of the matters described therein, and respectfully refer the Court to the Deutsche Bank Defendants' public disclosures concerning the same for their complete and accurate content and context.

33.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 33 present a complete, fair, and accurate description of the matters described therein, and respectfully refer the Court to the Deutsche Bank Defendants' public disclosures concerning the same for their complete and accurate content and context.

34.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 34 present a complete, fair, and accurate description of the matters described therein, and respectfully refer the Court to the Deutsche Bank Defendants' public disclosures concerning the same for their complete and accurate content and context.

35.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 35 present a complete, fair, and accurate description of the matters described therein, and respectfully refer the Court to the Deutsche Bank Defendants' public disclosures concerning the same for their complete and accurate content and context.

36.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 36 present a complete, fair, and accurate description of the matters described therein, and respectfully refer the Court to the Deutsche Bank Defendants' public disclosures concerning the same for their complete and accurate content and context.

37.     The Deutsche Bank Defendants admit that they maintain an anti-money laundering program and otherwise deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 37 of the Amended Complaint.

38.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 38 present a complete, fair, and accurate description of the matters described therein, and respectfully refer the Court to the Deutsche Bank Defendants' public disclosures concerning the same for their complete and accurate content and context.

39.     The Deutsche Bank Defendants respectfully refer the Court to the cited materials for their complete and accurate content and context.

40.     The Deutsche Bank Defendants admit the allegations set forth at Paragraph 40 of the Amended Complaint.

41.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 41 present a complete, fair, and accurate description of the matters described therein, and respectfully refer the Court to the Deutsche Bank Defendants' public disclosures concerning the same for their complete and accurate content and context.

42.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 42 present a complete, fair, and accurate description of the matters described therein, and respectfully refer the Court to public disclosures concerning the same for their complete and accurate content and context.

43.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 43 present a complete, fair, and accurate description of the matters described therein, and respectfully refer the Court to public disclosures concerning the same for their complete and accurate content and context.

44.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 44 of the Amended Complaint and respectfully refer the Court to the publicly available dockets for actions cited above for their full and accurate content and context.

45.     To the extent Paragraph 45 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 45 of the Amended Complaint.

46.     To the extent Paragraph 46 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 46 of the Amended Complaint.

47.     To the extent Paragraph 47 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 47 of the Amended Complaint.

48.     To the extent Paragraph 48 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 48 of the Amended  Complaint.

49.     The Deutsche Bank Defendants admit that certain Deutsche Bank entities maintain offices in Florida, including offices in Jacksonville and Miami.

50.     The Deutsche Bank Defendants admit that Deutsche Bank employees based in Jacksonville, Florida performed account services for Biscayne Capital and that certain Deutsche Bank entities also provided securities services to Biscayne and otherwise deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 50 of the Amended Complaint.

51.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 51 of the Amended Complaint.

52.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 52 present a complete, fair, and accurate description of the matters described therein, and respectfully refer the Court to the cited materials for their complete and accurate content and context.

53.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 53 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

54.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 54 of the Amended Complaint.

55.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 55 of the Amended Complaint.

56.     The Deutsche Bank Defendants admit that certain Deutsche Bank entities have appointed CT Corporation System as a registered agent in Florida.

57.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 57 of the Amended Complaint.

58.     The Deutsche Bank Defendants admit that certain Deutsche Bank entities have appointed CT Corporation System as a registered agent in Florida.

59.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 59 present a complete, fair, and accurate description of the matters described therein, deny having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 59, and otherwise deny the allegations contained in Paragraph 59 of the Amended Complaint.

60.     The Deutsche Bank Defendants admit that Deutsche Bank Luxembourg, S.A. acted as registrar in connection with certain note issuances and otherwise deny the allegations set forth at Paragraph 60 of the Amended Complaint.

61.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 61 of the Amended Complaint.

62.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 62 of the Amended Complaint.

63.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 63 of the Amended Complaint.

64.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 64 of the Amended Complaint.

65.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 65 of the Amended Complaint.

66.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 66 of the Amended Complaint.

67.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 67 of the Amended Complaint.

68.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 68 of the Amended Complaint.

69.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 69 of the Amended Complaint, except admit that Biscayne had accounts with certain Deutsche Bank entities.

70.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 70 of the Amended Complaint.

71.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than the Deutsche Bank Defendants and otherwise deny the allegations set forth at Paragraph 71 of the Amended Complaint.

72.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 72 of the Amended Complaint.

73.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 73 of the Amended Complaint.

74.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 74 of the Amended Complaint.

75.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 75 of the Amended Complaint.

76.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 76 of the Amended Complaint.

77.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 77 of the Amended Complaint.

78.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 78 of the Amended Complaint.

79.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 79 of the Amended Complaint.

80.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 80 of the Amended Complaint.

81.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 81 of the Amended Complaint.

82.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 82 of the Amended Complaint.

83.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 83 of the Amended Complaint.

84.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 84 of the Amended Complaint.

85.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 85 of the Amended Complaint.

86.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 86 of the Amended Complaint.

87.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 87 of the Amended Complaint.

88.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 88 of the Amended Complaint.

89.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 89 of the Amended Complaint including subparts (a)-(d).

90.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 90 of the Amended Complaint.

91.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 91 of the Amended Complaint.

92.     Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 92 of the Amended Complaint.

93.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 93 of the Amended Complaint.

94.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 94 of the Amended Complaint.

95.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 95 of the Amended Complaint.

96.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 96 of the Amended Complaint.

97.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 97 of the Amended Complaint.

98.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 98 of the Amended Complaint.

99.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 99 of the Amended Complaint.

100.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 100 of the Amended Complaint.

101.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 101 of the Amended Complaint.

102.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 102 of the Amended Complaint.

103.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 103 of the Amended Complaint.

104.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 104 of the Amended Complaint, except admit that Madison held a custody account with Deutsche Bank AG.

105.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 105 present a complete, fair, and accurate description of the matters described therein, deny having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 105, and otherwise deny the allegations contained in Paragraph 105 of the Amended Complaint.

106.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 106 of the Amended Complaint

107.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 107 present a complete, fair, and accurate description of the matters described therein, deny having knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 107, and otherwise deny the allegations contained in Paragraph 107 of the Amended Complaint.

108.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 108 of the Amended Complaint.

109.    The Deutsche Bank Defendants admit that Floris Vreedenburgh provided deposition testimony and otherwise deny the allegations set forth at Paragraph 109 of the Amended Complaint, and respectfully refer the Court to the cited materials for their complete and accurate content and context.

110.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than the Deutsche Bank Defendants in Paragraph 110 and otherwise deny the allegations set forth at Paragraph 110 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

111.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 111 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

112.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 112 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

113.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 113 present a complete, fair, and accurate description of the matters described therein, and respectfully refer the Court to the cited materials for their complete and accurate content and context.

114.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 114 of the Amended Complaint.

115.    The Deutsche Bank Defendants admit that the Madison account was held at Deutsche Bank AG and that Deutsche Bank AG had visibility into the account but lacks

20

sufficient information to admit or deny whether it had visibility into, out of, and through the Madison sub-accounts.

116.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 116 of the Amended Complaint.

117.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 117 of the Amended Complaint.

118.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 118 of the Amended Complaint.

119.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 119 of the Amended Complaint.

120.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 120 of the Amended Complaint.

121.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 121 of the Amended Complaint.

122.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 122 of the Amended Complaint.

123.    The Deutsche Bank Defendants admit that the Securities and Exchange Commission entered an order on May 26, 2016 and respectfully refer to the Court to the cited materials for their complete and accurate content and context.

124.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 124 present a complete, fair, and accurate description of the matters described therein

and respectfully refer the Court to the cited materials for their complete and accurate content and context.

125.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 125 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

126.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 126 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

127.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 127 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

128.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 128 of the Amended Complaint.

129.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 129 of the Amended Complaint.

130.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 130 of the Amended Complaint.

131.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 131 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

132.   The Deutsche Bank Defendants deny the allegations set forth at Paragraph 132 of the Amended Complaint.

133.   To the extent Paragraph 133 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 133 of the Amended Complaint.

134.   To the extent Paragraph 134 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 134 of the Amended Complaint.

135.   To the extent Paragraph 135 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 135 of the Amended Complaint.

136.   The Deutsche Bank Defendants deny the allegations set forth at Paragraph 136 of the Amended Complaint.

137.   The Deutsche Bank Defendants deny the allegations set forth at Paragraph 137 of the Amended Complaint, except admit that Deutsche Bank acted as issuing agent in connection with certain note issuances.

138.   The Deutsche Bank Defendants admit that Deutsche Bank AG acted as issuing agent in connection with certain note issuances.

139.   The Deutsche Bank Defendants deny that the allegations contained in Paragraph 139 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

140.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 140 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

141.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 141 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

142.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 142 of the Amended Complaint and respectfully refer to the Court to the cited materials for their complete and accurate content and context.

143.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 143 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

144.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 144 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

145.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 145 of the Amended Complaint.

146.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 146 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

147.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 147 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

148.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 148 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

149.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 149 of the Amended Complaint.

150.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 150 of the Amended Complaint.

151.     The Deutsche Bank Defendants admit that Madison entered into a custody relationship with Deutsche Bank AG and that Madison's custody account included sub-accounts, and otherwise deny the allegations set forth at Paragraph 151 of the Amended Complaint.

152.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 152 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

153.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 153 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

154.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 154 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

155.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 155 of the Amended Complaint.

156.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 156 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

157.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 157 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

158.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 158 of the Amended Complaint.

159.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 159 of the Amended Complaint.

160.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 160 of the Amended Complaint.

161.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief as to the allegations concerning any person or entity other than the Deutsche Bank Defendants contained in the allegations set forth at Paragraph 161 of the Amended Complaint.

162.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 162 of the Amended Complaint.

163.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 163 of the Amended Complaint.

164.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 164 of the Amended Complaint.

165.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 165 of the Amended Complaint.

166.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 166 of the Amended Complaint.

167.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 167 of the Amended Complaint.

168.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 168 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

169.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 169 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

170.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 170 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

171.    To the extent the allegations contained in Paragraph 171 state legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 171 of the Amended Complaint.

172.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 172 of the Amended Complaint.

173.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 173 of the Amended Complaint.

174.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 174 of the Amended Complaint.

175.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 175 of the Amended Complaint.

176.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 176 of the Amended Complaint.

177.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 177 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

178.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 178 of the Amended Complaint.

179.    The Deutsche Bank Defendants respectfully refer the Court to the cited materials for their complete and accurate content and context.

180.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 180 of the Amended Complaint.

181.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 181 of the Amended Complaint.

182.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 182 of the Amended Complaint.

183.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 183 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

184.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 184 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

185.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 185 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

186.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 186 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

187.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 187 of the Amended Complaint.

188.    The Deutsche Bank Defendants admit that certain Deutsche Bank entities currently possess a copy of the August 2013 offering memorandum and otherwise deny the allegations set forth at Paragraph 188 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

189.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 189 of the Amended Complaint.

190.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 190 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

191.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 191 of the Amended Complaint.

192.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 192 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context

193.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 193 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

194.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 194 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

195.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 195 of the Amended Complaint.

196.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 196 of the Amended Complaint.

197.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 197 of the Amended Complaint.

198.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 198 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

199.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 199 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

200.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 200 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

201.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 201 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

202.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 202 of the Amended Complaint.

203.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 203 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

204.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 204 of the Amended Complaint.

205.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 205 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context

206.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 206 of the Amended Complaint.

207.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 207 of the Amended Complaint.

208.    The Deutsche Bank Defendants respectfully refer the Court to the cited materials for their complete and accurate content and context.

209.    The Deutsche Bank Defendants respectfully refer the Court to the cited materials for their complete and accurate content and context.

210.    The Deutsche Bank Defendants respectfully refer the Court to the cited materials for their complete and accurate content and context.

211.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 211 of the Amended Complaint.

212.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 212 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

213.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 213 of the Amended Complaint.

214.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 214 of the Amended Complaint.

215.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 215 of the Amended Complaint.

216.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 216 of the Amended Complaint.

217.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 217 of the Amended Complaint.

218.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 218 of the Amended Complaint.

219.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 219 of the Amended Complaint.

220.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 220 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

221.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 221 of the Amended Complaint.

222.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 222 of the Amended Complaint.

223.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 223 of the Amended Complaint.

224.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 224 of the Amended Complaint.

225.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 225 of the Amended Complaint.

226.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 226 of the Amended Complaint.

227.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 227 of the Amended Complaint.

228.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 228 of the Amended Complaint.

229.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 229 of the Amended Complaint.

230.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 230 of the Amended Complaint.

231.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 231 of the Amended Complaint.

232.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 232 of the Amended Complaint.

233.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 233 of the Amended Complaint.

234.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 234 of the Amended Complaint.

235.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 235 of the Amended Complaint.

236.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 236 of the Amended Complaint.

237.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 237 of the Amended Complaint.

238.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 238 of the Amended Complaint.

239.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 239 of the Amended Complaint.

240.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 240 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

241.    The Deutsche Bank Defendants admit that Deutsche Bank AG acted as Principal Paying Agent for certain note issuances and otherwise deny the allegations set forth at Paragraph 241 of the Amended Complaint and respectfully refer the Court to the cited materials for their compete and accurate content and context.

242.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 242 of the Amended Complaint.

243.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 243 of the Amended Complaint.

244.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 244 of the Amended Complaint and  respectfully refer the Court to the cited materials for their complete and accurate content and context.

245.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 245 of the Amended Complaint and  respectfully refer the Court to the cited materials for their complete and accurate content and context.

246.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 246 of the Amended Complaint.

247.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 247 of the Amended Complaint.

248.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 248 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

249.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 249 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

250.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 250 of the Amended Complaint.

251.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 251 of the Amended Complaint.

252.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 252 of the Amended Complaint.

253.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 253 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

254.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 254 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

255.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 255 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

256.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 256 of the Amended Complaint.

257.    The Deutsche Bank Defendants deny the allegations set forth at paragraph 257 of the Amended Complaint.

258.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 258 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

259.    The Deutsche Bank Defendants deny the allegations set forth at paragraph 259 of the Amended Complaint.

260.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 260 of the Amended Complaint.

261.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 261 of the Amended Complaint.

262.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 262 of the Amended Complaint.

263.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 263 of the Amended Complaint.

264.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 264 of the Amended Complaint.

265.    The Deutsche Bank Defendants deny the allegations set forth at paragraph 265 of the Amended Complaint.

266.    The Deutsche Bank Defendants deny the allegations set forth at paragraph 266 of the Amended Complaint.

267.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 267 of the Amended Complaint.

268.    The Deutsche Bank Defendants deny the allegations set forth at paragraph 268 of the Amended Complaint.

269.    The Deutsche Bank Defendants deny the allegations set forth at paragraph 269 of the Amended Complaint.

270.    The Deutsche Bank Defendants deny the allegations set forth at paragraph 270 of the Amended Complaint.

271.    The Deutsche Bank Defendants deny the allegations set forth at paragraph 271 of the Amended Complaint.

272.   The Deutsche Bank Defendants deny that the allegations contained in Paragraph 272 present a complete, fair, and accurate description of the matters described therein, and respectfully refer the Court to cited material for their complete and accurate content and context.

273.   The Deutsche Bank Defendants deny that the allegations contained in Paragraph 273 present a complete, fair, and accurate description of the matters described therein, and respectfully refer the Court to cited material for their complete and accurate content and context.

274.   The Deutsche Bank Defendants deny that the allegations contained in Paragraph 274 present a complete, fair, and accurate description of the matters described therein, and respectfully refer the Court to cited material for their complete and accurate content and context.

275.   The Deutsche Bank Defendants deny the allegations set forth at paragraph 275 of the Amended Complaint.

276.   The Deutsche Bank Defendants deny the allegations set forth at Paragraph 276 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

277.   The Deutsche Bank Defendants deny the allegations set forth at Paragraph 277 of the Amended Complaint.

278.   The Deutsche Bank Defendants deny the allegations set forth at paragraph 278 of the Amended Complaint.

279.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of allegations set forth at paragraph 279 of the Amended Complaint.

280.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 280 of the Amended Complaint.

281.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of allegations set forth at paragraph 281 of the Amended Complaint.

282.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of allegations set forth at paragraph 282 of the Amended Complaint.

283.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 283 of the Amended Complaint.

284.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 284 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

285.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 285 of the Amended Complaint.

286.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 286 of the Amended Complaint.

287.     To the extent Paragraph 287 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 287 of the Amended Complaint.

288.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 288 of the Amended Complaint.

289.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 289 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

290.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 290 of the Amended Complaint.

291.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 291 of the Amended Complaint.

292.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 292 of the Amended Complaint.

293.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 293 of the Amended Complaint.

294.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 294 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

295.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 295 of the Amended Complaint.

296.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 296 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

297.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 297 present a complete, fair, and accurate description of the matters described therein

and respectfully refer the Court to the cited materials for their complete and accurate content and context.

298.   The Deutsche Bank Defendants deny the allegations set forth at Paragraph 298 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

299.   The Deutsche Bank Defendants deny the allegations set forth at Paragraph 299 of the Amended Complaint.

300.   The Deutsche Bank Defendants deny the allegations set forth at Paragraph 300 of the Amended Complaint.

301.   The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations concerning any other person or entity and otherwise deny the allegations set forth at Paragraph 301 of the Amended Complaint.

302.   The Deutsche Bank Defendants deny the allegations set forth at Paragraph 302 of the Amended Complaint.

303.   The Deutsche Bank Defendants deny the allegations set forth at Paragraph 303 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

304.   The allegations contained in Paragraph 304 purport to state a legal conclusion to which no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 304 of the Amended Complaint.

305.   The Deutsche Bank Defendants deny the allegations set forth at Paragraph 305 of the Amended Complaint.

306.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 306 of the Amended Complaint.

307.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 307 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

308.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 308 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

309.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations concerning any other person or entity and otherwise deny the allegations set forth at Paragraph 309 of the Amended Complaint.

310.    The Deutsche Bank Defendants deny allegations set forth at Paragraph 310 of the Amended Complaint.

311.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 311 of the Amended Complaint.

312.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 312 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

313.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 313 present a complete, fair, and accurate description of the matters described therein

and respectfully refer the Court to the cited materials for their complete and accurate content and context.

314.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 314 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

315.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 315 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

316.    The allegations contained in Paragraph 316 purport to state a legal conclusion to which no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 316 of the Amended Complaint.

317.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 317 of the Amended Complaint.

318.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 318 of the Amended Complaint.

319.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 319 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

320.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 320 present a complete, fair, and accurate description of the matters described therein

and respectfully refer the Court to the cited materials for their complete and accurate content and context.

321.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 321 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

322.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 322 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

323.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 323 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

324.    Deutsche Bank Defendants deny the allegations set forth at Paragraph 324 of the Amended Complaint.

325.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 325 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

326.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 326 of the Amended Complaint.

327.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 327 present a complete, fair, and accurate description of the matters described therein

and respectfully refer the Court to the cited materials for their complete and accurate content and context.

328.   The Deutsche Bank Defendants deny the allegations set forth at Paragraph 328 of the Amended Complaint.

329.   The Deutsche Bank Defendants deny the allegations set forth at Paragraph 329 of the Amended Complaint.

330.   The Deutsche Bank Defendants deny the allegations set forth at Paragraph 330 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

331.   The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of allegations set forth at Paragraph 331 of the Amended Complaint.

332.   The Deutsche Bank Defendants deny that the allegations contained in Paragraph 332 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

333.   The Deutsche Bank Defendants deny the allegations set forth at Paragraph 333 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

334.   The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of allegations set forth at Paragraph 334 of the Amended Complaint.

335.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 335 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

336.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 336 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

337.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 337 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

338.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of allegations set forth at Paragraph 338 of the Amended Complaint.

339.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 339 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

340.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 340 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

341.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 341 of the Amended Complaint.

342.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 342 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

343.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 343 of the Amended Complaint.

344.    The Deutsche Bank Defendants deny that the allegations contained in Paragraph 344 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

345.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of allegations set forth at Paragraph 345 of the Amended Complaint.

346.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 346 of the Amended Complaint.

347.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 347 of the Amended Complaint.

348.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of allegations set forth at Paragraph 348 of the Amended Complaint.

349.     The Deutsche Bank Defendants admit that in May 2016, the SEC issued a cease-and-desist order, which did not name the Deutsche Bank Defendants, and otherwise deny the allegations set forth at Paragraph 349 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context of these documents.

350.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 350 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

351.     The Deutsche Bank Defendants deny that the allegations contained in Paragraph 351 present a complete, fair, and accurate description of the matters described therein and respectfully refer the Court to the cited materials for their complete and accurate content and context.

352.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 352 of the Amended Complaint.

353.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of allegations set forth at Paragraph 353 of the Amended Complaint.

354.     The Deutsche Bank Defendants deny the allegations set forth at Paragraph 354 of the Amended Complaint.

355.     The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of allegations set forth at Paragraph 355 of the Amended Complaint.

356.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 356.

357.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 357.

358.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 358.

359.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 359.

360.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 360 of the Amended Complaint.

361.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 361 of the Amended Complaint.

362.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 362 of the Amended Complaint.

363.    The Deutsche Bank Defendants deny knowledge or information sufficient to form a belief as to the accuracy of allegations concerning any person or entity other than the Deutsche Bank Defendants in Paragraph 363, and as to the allegations against the Deutsche Bank Defendants respectfully refer the Court to the cited material for its complete content and context.

364.    The Deutsche Bank Defendants deny knowledge or information sufficient to form a belief as to the accuracy of allegations concerning any person or entity other than the Deutsche Bank Defendants in Paragraph 364, and as to the allegations against the Deutsche Bank Defendants respectfully refer the Court to the cited material for its complete content and context.

365.    The Deutsche Bank Defendants deny knowledge or information sufficient to form a belief as to the accuracy of allegations concerning any person or entity other than the Deutsche Bank Defendants in Paragraph 365, and as to the allegations against the Deutsche Bank Defendants respectfully refer the Court to the cited material for its complete content and context.

366.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of allegations set forth at Paragraph 366 of the Amended Complaint.

367.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 367 of the Amended Complaint and respectfully refer the Court to the cited material for its complete content and context.

368.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of allegations set forth at Paragraph 368 of the Amended Complaint.

369.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 369 of the Amended Complaint.

370.    To the extent Paragraph 370 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of allegations set forth at Paragraph 370 of the Amended Complaint.

371.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of allegations set forth at Paragraph 371 of the Amended Complaint.

372.    To the extent Paragraph 372 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief as to the accuracy of allegations set forth at Paragraph 372 of the Amended Complaint.

373.    The Deutsche Bank Defendants repeat and restate their answers set forth in the preceding Paragraphs, inclusive, as if fully set forth herein.  To the extent Paragraph 373 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 373 of the Amended Complaint.

374.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 374 of the Amended Complaint.

375.    To the extent Paragraph 375 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 375 of the Amended Complaint.

376.    To the extent Paragraph 376 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 376 of the Amended Complaint.

377.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 377 of the Amended Complaint.

378.    To the extent Paragraph 378 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 378 of the Amended Complaint.

379.    The Deutsche Bank Defendants deny the allegations set forth at Paragraph 379 of the Amended Complaint.

380.    To the extent Paragraph 380 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 380 of the Amended Complaint.

381.    To the extent Paragraph 381 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 381 of the Amended Complaint.

382.    The Deutsche Bank Defendants repeat and restate their answers set forth in the preceding Paragraphs, inclusive, as if fully set forth herein.  To the extent Paragraph 382 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 382 of the Amended Complaint.

383.    The Deutsche Bank Defendants deny having knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations set forth at Paragraph 383 of the Amended Complaint.

384.    The Deutsche Bank Defendants the allegations set forth at Paragraph 384 of the Amended Complaint.

385.     To the extent Paragraph 385 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 385 of the Amended Complaint.

386.     To the extent Paragraph 386 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 386 of the Amended Complaint.

387.     To the extent Paragraph 387 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 387 of the Amended Complaint.

388.     The Deutsche Bank Defendants repeat and restate their answers set forth in the preceding Paragraphs, inclusive, as if fully set forth herein.  To the extent Paragraph 388 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 388 of the Amended Complaint.

389.     To the extent Paragraph 389 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 389 of the Amended Complaint.

390.     To the extent Paragraph 390 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 390 of the Amended Complaint.

391.     To the extent Paragraph 391 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 391 of the Amended Complaint.

392.    To the extent Paragraph 392 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 392 of the Amended Complaint.

393.    To the extent Paragraph 393 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 393 of the Amended Complaint.

394.    The Deutsche Bank Defendants repeat and restate their answers set forth in the preceding Paragraphs, inclusive, as if fully set forth herein.  To the extent Paragraph 394 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 394 of the Amended Complaint.

395.    To the extent Paragraph 395 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 395 of the Amended Complaint.

396.    To the extent Paragraph 396 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 396 of the Amended Complaint.

397.    To the extent Paragraph 397 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 397 of the Amended Complaint.

398.    To the extent Paragraph 398 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 398 of the Amended Complaint.

399.     To the extent Paragraph 399 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 399 of the Amended Complaint.

400.     The Deutsche Bank Defendants repeat and restate their answers set forth in the preceding Paragraphs, inclusive, as if fully set forth herein.  To the extent Paragraph 400 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 400 of the Amended Complaint.

401.     To the extent Paragraph 401 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 401 of the Amended Complaint.

402.     To the extent Paragraph 402 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 402 of the Amended Complaint.

403.     To the extent Paragraph 403 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 403 of the Amended Complaint.

404.     To the extent Paragraph 404 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 404 of the Amended Complaint.

405.     To the extent Paragraph 405 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 405 of the Amended Complaint.

406.    To the extent Paragraph 406 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 406 of the Amended Complaint.

407.    To the extent Paragraph 407 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 407 of the Amended Complaint.

408.    To the extent Paragraph 408 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 408 of the Amended Complaint.

409.    The Deutsche Bank Defendants repeat and restate their answers set forth in the preceding Paragraphs, inclusive, as if fully set forth herein.  To the extent Paragraph 409 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 409 of the Amended Complaint.

410.    To the extent Paragraph 410 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 410 of the Amended Complaint.

411.    To the extent Paragraph 411 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 411 of the Amended Complaint.

412.    To the extent Paragraph 412 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 412 of the Amended Complaint.

413.     To the extent Paragraph 413 of the Amended Complaint sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 413 of the Amended Complaint.

414.     The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 414 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 414 of the Amended Complaint.

415.     The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 415 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 415 of the Amended Complaint.

416.     The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 416 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 416 of the Amended Complaint.

417.     The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 417 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 417 of the Amended Complaint.

418.     The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 418 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 418 of the Amended Complaint.

419.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 419 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 419 of the Amended Complaint.

420.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 420 of the Amended Complaint, including subparts (a)-(d), because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 420 of the Amended Complaint, including subparts (a)-(d).

421.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 421 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 421 of the Amended Complaint.

422.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 422 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 422 of the Amended Complaint.

423.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 423 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 423 of the Amended Complaint.

424.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 424 of the Amended Complaint because this Claim was dismissed.  To the

extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 424 of the Amended Complaint.

425.   The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 425 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 425 of the Amended Complaint.

426.   The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 426 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 426 of the Amended Complaint.

427.   The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 427 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 427 of the Amended Complaint.

428.   The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 428 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 428 of the Amended Complaint.

429.   The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 429 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 429 of the Amended Complaint.

430.     The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 430 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 430 of the Amended Complaint.

431.     The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 431 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 431 of the Amended Complaint.

432.     The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 432 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 432 of the Amended Complaint.

433.     The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 433 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 433 of the Amended Complaint.

434.     The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 434 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 434 of the Amended Complaint.

435.     The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 435 of the Amended Complaint because this Claim was dismissed.  To the

extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 435 of the Amended Complaint.

436.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 436 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 436 of the Amended Complaint.

437.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 437 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 437 of the Amended Complaint.

438.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 438 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 438 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

439.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 439 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 439 of the Amended Complaint.

440.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 440 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 440 of the Amended Complaint.

441.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 441 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 441 of the Amended Complaint.

442.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 442 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 442 of the Amended Complaint.

443.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 443 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 443 of the Amended Complaint.

444.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 444 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 444 of the Amended Complaint and respectfully refer the Court to the cited materials for their complete and accurate content and context.

445.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 445 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 445 of the Amended Complaint.

446.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 446 of the Amended Complaint, including subparts (a)-(g), because this Claim

was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 446, including subparts (a)-(g), of the Amended Complaint.

447.   The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 447 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 447 of the Amended Complaint.

448.   The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 448 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 448 of the Amended Complaint.

449.   The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 449 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 449 of the Amended Complaint.

450.   The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 450 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 450 of the Amended Complaint.

451.   The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 451 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 451 of the Amended Complaint.

452.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 452 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 452 of the Amended Complaint.

453.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 453 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 453 of the Amended Complaint.

454.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 454 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 454 of the Amended Complaint.

455.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 455 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 455 of the Amended Complaint.

456.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 456, including subparts (a)-(f), of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 456, including subparts (a)-(f), of the Amended Complaint.

457.    The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 457 of the Amended Complaint because this Claim was dismissed.  To the

extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 457 of the Amended Complaint.

458.   The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 458 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 458 of the Amended Complaint.

459.   The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 459 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 459 of the Amended Complaint.

460.   The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 460 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 460 of the Amended Complaint.

461.   The Deutsche Bank Defendants make no answer to the allegations set forth at Paragraph 461 of the Amended Complaint because this Claim was dismissed.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at Paragraph 461 of the Amended Complaint.

462.   To the extent the Amended Complaint's Statement of Reliance on Foreign Sources of Law sets forth legal conclusions, no response is required.  To the extent a response is required, the Deutsche Bank Defendants deny the allegations set forth at the Statement of Reliance on Foreign Sources of Law in the Amended Complaint.

463.   The Deutsche Bank Defendants demand a trial by jury on all issues so triable.

464.   The Deutsche Bank Defendants deny that the Liquidators are entitled to the requested relief and any award of damages, costs, fees, contribution, or other relief.

## DEFENSES

The Deutsche Bank Defendants do not relieve Plaintiffs of proving under the appropriate standard of proof all elements of the claims that the Plaintiffs allege.  Without admitting any wrongful conduct on their part, and without assuming any burden of persuasion, presentation, or production of evidence that they would not otherwise bear, the Deutsche Bank Defendants assert the following defenses.  The Deutsche Bank Defendants reserve the right to rely on any affirmative or other defense or claim that may subsequently come to light, and expressly reserve the right to amend their Answer to assert additional defenses or claims.

## FIRST DEFENSE

Plaintiffs' claims for relief are barred, in whole or in part, because they fail to state a cause of action against the Deutsche Bank Defendants.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Liquidators, Companies, Note Issuers, and/or any individual or entity asserting a claim against the liquidation estates represented by the Liquidators (the "Investors") lack standing to assert the claims alleged in this action.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because none of the Liquidators, Companies, Note Issuers, and/or Investors, suffered any injury-in-fact as a result of any acts, or failures to act, by the Deutsche Bank Defendants.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because no conduct attributable to the Deutsche Bank Defendants was the direct, actual, proximate, or but-for cause of any damage, loss, or injury allegedly sustained by the Liquidators, Companies, Note Issuers, and/or Investors.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the injuries alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of the Deutsche Bank Defendants.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because alleged damages, if any, are too remote, speculative, and uncertain to ascertain or apportion.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Deutsche Bank Defendants are not liable for the acts, omissions, wrongs and/or negligence of any other entity, or individual.

## EIGHTH DEFENSE

The Deutsche Bank Defendants are not liable to Plaintiffs for any damages to the extent the Liquidators, Companies, Note Issuers, and/or Investors have incurred no legally cognizable injury or damages.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by applicable statute(s) of limitations.

## TENTH DEFENSE

The Deutsche Bank Defendants are not liable to Plaintiffs in connection with any purchase of securities that (i) were not offered in the United States, or (ii) were not sold or purchased in the United States.

## ELEVENTH DEFENSE

Plaintiffs are not entitled to recover attorneys' fees, experts' fees or other costs and disbursements.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, against the Deutsche Bank Defendants as to which this Court lacks general or specific personal jurisdiction.

## THIRTEENTH DEFENSE

Plaintiffs' claims are limited by operation of law, including, as applicable, any rights of set-off, contribution, and indemnification.

## FOURTEENTH DEFENSE

Each of the Liquidators, Companies, Note Issuers, and/or Investors has failed to mitigate any damages it may have suffered.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because no special relationship exists between the Deutsche Bank Defendants and the Liquidators, Companies, Note Issuers, or Investors.

## SIXTEENTH DEFENSE

The Deutsche Bank Defendants are not liable to Plaintiffs based on any actions taken by the Deutsche Bank Defendants' employees or agents in so far as said employees or agents acted outside the scope of their authority.

## SEVENTEENTH DEFENSE

Any recovery for damages, if any, allegedly incurred by any of the Liquidators, Companies, Note Issuers, or Investors is subject to offset in the amount of any tax or other benefits actually received in connection with such investments.

## EIGHTEENTH DEFENSE

Any losses or damages purportedly sustained by Plaintiffs must be reduced and/or abated in proportion to the wrongful or negligent conduct of those persons or entities responsible, and not the Deutsche Bank Defendants, under the principles of set-off, offset, apportionment, and/or comparative fault.

## NINETEENTH DEFENSE

The culpable conduct of the Plaintiffs including comparative negligence and assumption of the risk, caused, in whole or in part, the damages claimed herein, and any amount of damages recoverable by Plaintiffs must be diminished in proportion to the culpable conduct and/or comparative negligence of the Companies, Note Issuers, and/or Investors.

## TWENTIETH DEFENSE

Plaintiffs' claims, requests, and demands in the Amended Complaint are barred under the terms, exculpatory clauses, disclaimers, waivers, releases, and/or covenants incorporated in contracts between or among the parties.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part by laches, equitable estoppel, waiver, unclean hands, Plaintiffs' inequitable conduct, or other related equitable doctrines including the doctrine of in pari delicto or ex turpi causa non oritur actio.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because the Cayman Islands Companies Law § 147 lacks extraterritorial application.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by the economic loss doctrine.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the Companies are alter-egos of the Individual Wrongdoers.

### ADDITIONAL DEFENSES

The Deutsche Bank Defendants reserve their right to assert other and additional defenses, cross-claims, and third-party claims not asserted herein of which they become aware through discovery or other investigation as may be appropriate at a later time.  The Deutsche Bank Defendants do not in any way waive or limit any defenses which are or may be raised by their denials and averments.  The Deutsche Bank Defendants expressly reserve all rights to re-evaluate their defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other pertinent facts, and during pretrial proceedings in this action.

### COUNTERCLAIMS[1]

Defendant Deutsche Bank AG, through its attorneys, Cahill Gordon & Reindel LLP and Duane Morris LLP, by way of Counterclaim against Michael Pearson, Andrew Childe, and Anna

---

[1] Unless otherwise noted, capitalized terms herein have the defined meanings set forth in Plaintiffs' Amended Complaint (Dkt. No. 31).  To the extent the counterclaims asserted herein conflict with the stay issued by the United States Bankruptcy Court for the Southern District of Florida in the action captioned *In re: North Pointe Holdings (BVI) Ltd. et al.*, 18-24659-AJC (Dkt. No. 22), Deutsche Bank AG intends to move the Bankruptcy Court for relief from the stay.

Silver in their capacities as Joint Official Liquidators of SG Strategic Income Limited, GMS

Global Market Step Up Note Ltd., Preferred Income Collateralized Interest Ltd., and Diversified

Real Estate Development Ltd. (together, the "Counterclaim Defendants"), say as follows:

### COUNT I

**(Indemnification Claim Against Michael Pearson, Andrew Childe, and Anna Silver in
Their Capacities as Joint Official Liquidators of SG Strategic Income Limited)**

1.  On or about June 11, 2011, Deutsche Bank AG entered into an agency

agreement with SG Strategic Income Limited (the "SG Agency Agreement").  A copy of the SG

Agency Agreement is attached hereto as Exhibit A[2] and its terms are expressly incorporated

herein.

2.  Under the terms of the SG Agency Agreement, which is governed by

English law, Deutsche Bank AG would act as Issuing Agent, Principal Paying Agent, and

Transfer Agent in connection with various note issuances.

3.  The SG Agency Agreement also requires that SG Strategic Income

Limited indemnify Deutsche Bank AG in connection with those note issuances.  Specifically, it

provides at Section 8 that the "Issuer shall indemnify the Agents for any amount equal to any

loss, liability, cost, claim action, demand, tax (including stamp duty) or expense (including, but

not limited to, all reasonable costs, charges and expenses paid or incurred in disputing or

defending any of the foregoing) that such Agent or any of its directors, officers, employees,

agents and controlling persons may incur arising out of or in relation to or in connection with its

appointment or the exercise of its functions, except such as may result from a breach by it of this

---

[2] Due to the voluminous length of the Exhibits, Defendants are filing only relevant excerpts of each document. Complete copies of each document will be provided to counsel for Plaintiffs and Defendants are prepared to file complete copies of the exhibited documents upon request.

Agreement or its own gross negligence, bad faith or wilful default or that of its directors, officers, employees, agents or controlling persons."

4.      The SG Agency Agreement goes on to strictly circumscribe Deutsche Bank AG's liability arising out of its role as Issuing Agent, Principal Paying Agent, and Transfer Agent.

5.      For example, Section 9 of the SG Agency Agreement provides:

**LIMITATION OF LIABILITY**

The Agents shall not be liable for any loss caused by events beyond their reasonable control including any malfunction, interruption or error in the transmission of information caused by any machine or systems or interception of communication facilities, abnormal operating conditions or events of force majeure.  **Subject to the final sentence of this clause, under no circumstances will the Agents be liable to the  Issuer** or any other party to this Agreement in contract, tort (including negligence) or otherwise for any consequential, special, indirect or speculative loss or damage (including but not limited to loss of business, goodwill, opportunity or profit) which arises out of or in connection with this Agreement even if advised of the possibility of such loss or damage.

6.      Section 10 provides further:

**10.1 No Agency or Trust**

The Agents shall act solely as Agent of the Issuer and shall not have any obligation towards or relationship of agency or trust with the holder of any Note or Coupon.

**10.5 Consultation**

Each Agent may consult on any matter with any legal or other professional advisors selected by it, who may be an employee of or advisor to the Issuer, and the Agent shall not be liable in respect of anything done, or omitted to be done, relating to that matter in good faith and in accordance with that adviser's opinion. . . .

**10.6  Reliance on Documents**

No Agent shall be liable in respect of anything done or omitted to be done or suffered by it in reliance on a Note, Coupon, notice, direction, consent, certificate, affidavit, statement or other document (including any information from any electronic or other source) reasonably believed by it to be genuine and to have been signed or otherwise given or disseminated by the proper parties.

7.      On or about June 6, 2011, SG Strategic Income Limited issued an offering (the "SG Offering Memorandum"), which was amended from time to time.  A copy of the SG Offering Memorandum is attached hereto as Exhibit B and its terms are expressly incorporated herein.

8.      Under the terms of the SG Offering Memorandum, which is governed by Cayman Islands law, Deutsche Bank AG would act as Issuing Agent, Principal Paying Agent, and Transfer Agent in connection with various note issuances, whereas Deutsche Bank Luxembourg would act as the Registrar.

9.      The SG Offering Memorandum also requires that SG Strategic Income Limited indemnify Deutsche Bank AG in connection with those note issuances.

10.     Page 14 of the SG Offering Memorandum states that "[t]he relevant Noteholder will keep the Company, the Directors and the Administrator, Registrant and Transfer Agent fully indemnified on demand against all actions, losses and expenses brought against, or incurred by, the Administrator, Registrar and Transfer Agent resulting from any of them acting, or failing to act, on such instructions or from the non-receipt of instructions sent by facsimile due to failed transmission thereof."

11.     The First Amended Complaint asserts claims and seeks to impose liability on Deutsche Bank AG.

12.     Deutsche Bank AG is entitled to indemnification for costs and legal fees it has incurred in this action.  Deutsche Bank AG is also entitled to indemnification for any damages, costs, or other liability that may be imposed on it in this action.

13.     WHEREFORE, Deutsche Bank AG is entitled to indemnification from SG Strategic Income Limited, and judgment is demanded as follows:

    a.  Declaring that Deutsche Bank AG is entitled to indemnification under both the SG Agency Agreement and the SG Offering Memorandum;

    b.  Awarding to Deutsche Bank AG judgment for any and all damages assessed against it in this action;

    c.  Awarding to Deutsche Bank AG its reasonable costs and attorney's fees incurred in this action; and

    d.  Such other and further relief as this Court may find just and proper.

## COUNT II

**(Indemnification Claim Against Michael Pearson, Andrew Childe, and Anna Silver in Their Capacities as Joint Official Liquidators of GMS Global Market Step Up Note Ltd.)**

14.     On or about November 30, 2011, Deutsche Bank AG entered into an agency agreement with GMS Global Market Step Up Note Ltd. (the "GMS Agency Agreement").  A copy of the GMS Agency Agreement is attached hereto as Exhibit C and its terms are expressly incorporated herein.

15.     Under the terms of the GMS Agency Agreement, which is governed by English law, Deutsche Bank AG would act as Issuing Agent, Principal Paying Agent, and Transfer Agent in connection with various note issuances.

16.     The GMS Agency Agreement also requires that GMS Global Market Step Up Note Ltd. indemnify Deutsche Bank AG in connection with those note issuances.

Specifically, it provides at Section 8 that the "Issuer shall indemnify the Agents for any amount equal to any loss, liability, cost, claim action, demand, tax (including stamp duty) or expense (including, but not limited to, all reasonable costs, charges and expenses paid or incurred in disputing or defending any of the foregoing) that such Agent or any of its directors, officers, employees, agents and controlling persons may incur arising out of or in relation to or in connection with its appointment or the exercise of its functions, except such as may result from a breach by it of this Agreement or its own gross negligence, bad faith or wilful default or that of its directors, officers, employees, agents or controlling persons."

17.     The GMS Agency Agreement goes on to strictly circumscribe Deutsche Bank AG's liability arising out of its role as Issuing Agent, Principal Paying Agent, and Transfer Agent.

18.     For example, Section 9 of the GMS Agency Agreement provides:

**LIMITATION OF LIABILITY**

The Agents shall not be liable for any loss caused by events beyond their reasonable control including any malfunction, interruption or error in the transmission of information caused by any machine or systems or interception of communication facilities, abnormal operating conditions or events of force majeure.  **Subject to the final sentence of this clause, under no circumstances will the Agents be liable to the  Issuer** or any other party to this Agreement in contract, tort (including negligence) or otherwise for any consequential, special, indirect or speculative loss or damage (including but not limited to loss of business, goodwill, opportunity or profit) which arises out of or in connection with this Agreement even if advised of the possibility of such loss or damage.

19.     Section 10 provides further:

**10.1 No Agency or Trust**

The Agents shall act solely as Agent of the Issuer and shall not have any obligation towards or relationship of agency or trust with the holder of any Note or Coupon.

**10.5 Consultation**

Each Agent may consult on any matter with any legal or other professional advisors selected by it, who may be an employee of or advisor to the Issuer, and the Agent shall not be liable in respect of anything done, or omitted to be done, relating to that matter in good faith and in accordance with that adviser's opinion. . . .

**10.6  Reliance on Documents**

No Agent shall be liable in respect of anything done or omitted to be done or suffered by it in reliance on a Note, Coupon, notice, direction, consent, certificate, affidavit, statement or other document (including any information from any electronic or other source) reasonably believed by it to be genuine and to have been signed or otherwise given or disseminated by the proper parties.

20.     On or about December 9, 2011 GMS Global Market Step Up Note Ltd. issued an offering memorandum (the "GMS Offering Memorandum"), which was amended from time to time.  A copy of the GMS Offering Memorandum is attached hereto as Exhibit D and its terms are expressly incorporated herein.

21.     Under the terms of the GMS Offering Memorandum, which is governed by Cayman Islands law, Deutsche Bank AG would act as Issuing Agent, Principal Paying Agent, and Transfer Agent in connection with various note issuances, whereas Deutsche Bank Luxembourg would act as the Registrar.

22.     The Preferred Income Offering Memorandum also requires GMS Global Market Step Up Note Ltd. indemnify Deutsche Bank AG in connection with those note issuances.  Specifically, it provides on page 9 that "[t]he relevant Noteholder will keep the Company, the Directors and the Administrator, Registrar and Transfer Agent fully indemnified on demand against all actions, losses and expenses brought against, or incurred by, the Administrator, Registrar and Transfer Agent resulting from any of them acting, or failing to act,

on such instructions or from the non-receipt of instructions sent by facsimile due to failed

transmission thereof."

23.    The First Amended Complaint asserts claims and seeks to impose liability

on Deutsche Bank AG.

24.    Deutsche Bank AG is entitled to indemnification for costs and legal fees it

has incurred in this action.  Deutsche Bank AG is also entitled to indemnification for any

damages, costs, or other liability that may be imposed on it in this action.

25.    WHEREFORE, Deutsche Bank AG is entitled to indemnification from

GMS Global Market Step Up Note Ltd. and judgment is demanded as follows:

    a.  Declaring that Deutsche Bank AG is entitled to indemnification under

      both the GMS Agency Agreement and the GMS Offering

      Memorandum;

    b.  Awarding to Deutsche Bank AG judgment for any and all damages

      assessed against it in this action;

    c.  Awarding to Deutsche Bank AG its reasonable costs and attorney's

      fees incurred in this action; and

    d.  Such other and further relief as this Court may find just and proper.

## COUNT III
**(Indemnification Claim Against Michael Pearson, Andrew Childe, and Anna Silver in Their Capacities as Joint Official Liquidators of Preferred Income Collateralized Interest Ltd.)**

26.    On or about December 9, 2011, Deutsche Bank AG entered into an agency

agreement with Preferred Income Collateralized Interest Ltd. (the "Preferred Income Agency

Agreement"). A copy of the Preferred Income Agency Agreement is attached hereto as Exhibit E and its terms are expressly incorporated herein.

27. Under the terms of the Preferred Income Agency Agreement, which is governed by English law, Deutsche Bank AG would act as Issuing Agent, Principal Paying Agent, and Transfer Agent in connection with various note issuances.

28. The Preferred Income Agency Agreement also requires that Preferred Income Collateralized Interest indemnify Deutsche Bank AG in connection with those note issuances. Specifically, it provides at Section 8 that the "Issuer shall indemnify the Agents for any amount equal to any loss, liability, cost, claim action, demand, tax (including stamp duty) or expense (including, but not limited to, all reasonable costs, charges and expenses paid or incurred in disputing or defending any of the foregoing) that such Agent or any of its directors, officers, employees, agents and controlling persons may incur arising out of or in relation to or in connection with its appointment or the exercise of its functions, except such as may result from a breach by it of this Agreement or its own gross negligence, bad faith or wilful default or that of its directors, officers, employees, agents or controlling persons."

29. The Preferred Income Agency Agreement goes on to strictly circumscribe Deutsche Bank AG's liability arising out of its role as Issuing Agent, Principal Paying Agent, and Transfer Agent.

30. For example, Section 9 of the Preferred Income Agency Agreement provides:

**LIMITATION OF LIABILITY**

The Agents shall not be liable for any loss caused by events beyond their reasonable control including any malfunction, interruption or error in the transmission of information caused by any machine or systems or interception of communication facilities, abnormal

operating conditions or events of force majeure.  **Subject to the final sentence of this clause, under no circumstances will the Agents be liable to the  Issuer** or any other party to this Agreement in contract, tort (including negligence) or otherwise for any consequential, special, indirect or speculative loss or damage (including but not limited to loss of business, goodwill, opportunity or profit) which arises out of or in connection with this Agreement even if advised of the possibility of such loss or damage.

31.     Section 10 provides further:

**10.1 No Agency or Trust**

The Agents shall act solely as Agent of the Issuer and shall not have any obligation towards or relationship of agency or trust with the holder of any Note or Coupon.

**10.5 Consultation**

Each Agent may consult on any matter with any legal or other professional advisors selected by it, who may be an employee of or advisor to the Issuer, and the Agent shall not be liable in respect of anything done, or omitted to be done, relating to that matter in good faith and in accordance with that adviser's opinion. . . .

**10.6  Reliance on Documents**

No Agent shall be liable in respect of anything done or omitted to be done or suffered by it in reliance on a Note, Coupon, notice, direction, consent, certificate, affidavit, statement or other document (including any information from any electronic or other source) reasonably believed by it to be genuine and to have been signed or otherwise given or disseminated by the proper parties.

32.     On or about December 9, 2011 Preferred Income Collateralized Interest Ltd. issued an offering memorandum (the "Preferred Income Offering Memorandum"), which has was amended from time to time.  A copy of the Preferred Income Offering Memorandum is attached hereto as Exhibit F and its terms are expressly incorporated herein.

33.     Under the terms of the Diversified Offering Memorandum, which is governed by Cayman Islands law, Deutsche Bank AG would act as Issuing Agent, Principal

Paying Agent, and Transfer Agent in connection with various note issuances, whereas Deutsche Bank AG Luxembourg would act as the Registrar.

34.     The Preferred Income Offering Memorandum also requires that Preferred Income Collateralized Interest indemnify Deutsche Bank AG in connection with those note issuances.  Specifically, it provides on page 10 that "[t]he relevant Noteholder will keep the Company, the Directors and the Administrator, Registrar and Transfer Agent fully indemnified on demand against all actions, losses and expenses brought against or incurred by, the Administrator, Registrar and Transfer Agent resulting from any of them acting or failing to act, on such instructions or from the non-receipt of instructions sent by facsimile due to failed transmission thereof."

35.     The First Amended Complaint asserts claims and seeks to impose liability on Deutsche Bank AG.

36.     Deutsche Bank AG is entitled to indemnification for costs and legal fees it has incurred in this action.  Deutsche Bank AG is also entitled to indemnification for any damages, costs, or other liability that may be imposed on it in this action.

37.     WHEREFORE, Deutsche Bank AG is entitled to indemnification from Preferred Income Collateralized Interest Ltd. and judgment is demanded as follows:

      a.   Declaring that Deutsche Bank AG is entitled to indemnification under both the Preferred Income Agency Agreement and the Preferred Income Offering Memorandum;

      b.   Awarding to Deutsche Bank AG judgment for any and all damages assessed against it in this action;

    c.   Awarding to Deutsche Bank AG its reasonable costs and attorney's

          fees incurred in this action; and

    d.   Such other and further relief as this Court may find just and proper.

## COUNT IV
**(Indemnification Claim Against Michael Pearson, Andrew Childe, and Anna Silver in Their Capacities as Joint Official Liquidators of Diversified Real Estate Development Ltd.)**

38.     On or about May 10, 2013, Deutsche Bank AG entered into an agency agreement with Diversified Real Estate Development Ltd. (f/k/a ORC Senior Secured Limited) (the "Diversified Agency Agreement").  A copy of the Diversified Agency Agreement is attached hereto as Exhibit G and its terms are expressly incorporated herein.

39.     Under the terms of the Diversified Agency Agreement, which is governed by English law, Deutsche Bank AG would act as Issuing Agent and Principal Paying Agent in connection with various note issuances, whereas Deutsche Bank Luxembourg, S.A. would act as Registrar and Transfer Agent.

40.     The Diversified Agency Agreement also requires that Diversified Real Estate Development indemnify Deutsche Bank AG in connection with those note issuances. Specifically, it provides at Section 8 that the "Issuer shall indemnify the Agents for any amount equal to any loss, liability, cost, claim action, demand, tax (including stamp duty) or expense (including, but not limited to, all costs, charges and expenses paid or incurred in disputing or defending any of the foregoing) that such Agent or any of its directors, officers, employees, agents and controlling persons may incur arising out of or in relation to or in connection with its appointment or the exercise of its functions, except such as may result from a breach by it of this Agreement or its own gross negligence, bad faith or wilful default or that of its directors, officers, employees, agents or controlling persons."

41.     The Diversified Agency Agreement goes on to strictly circumscribe

Deutsche Bank AG's liability arising out of its role as Issuing Agent and Principal Paying Agent.

42.     For example, Section 9 of the Diversified Agency Agreement provides:

**LIMITATION OF LIABILITY**

The Agents shall not be liable for any loss caused by events beyond their control including any malfunction, interruption or error in the transmission of information caused by any machine or systems or interception of communication facilities, abnormal operating conditions or events of force majeure.  **Under no circumstances will the Agents be liable to the  Issuer** or any other party to this Agreement, the Note holders or any third party, in contract, tort (including negligence) or otherwise for any consequential, special, indirect or speculative loss or damage (including but not limited to loss of business, goodwill, opportunity or profit) which arises out of or in connection with this Agreement even if advised of the possibility of such loss or damage.

43.     Section 10 provides further:

**10.1 No Agency or Trust**

The Agents shall act solely as Agent of the Issuer and shall not have any obligation towards or relationship of agency or trust with the holder of any Note or Coupon.

**10.5 Consultation**

Each Agent may consult on any matter with any legal or other professional advisors selected by it, who may be an employee of or advisor to the Issuer, and the Agent shall not be liable in respect of anything done, or omitted to be done, relating to that matter in good faith and in accordance with that adviser's opinion. . . .

**10.6  Reliance on Documents**

No Agent shall be liable in respect of anything done or omitted to be done or suffered by it in reliance on a Note, Coupon, notice, direction, consent, certificate, affidavit, statement or other document (including any information from any electronic or other source) reasonably believed by it to be genuine and to have been signed or otherwise given or disseminated by the proper parties.

44.     On or about May 13, 2013, Diversified Real Estate Development Ltd. (f/k/a ORC Senior Secured Limited) issued an offering memorandum (the "Diversified Offering Memorandum"), which was amended from time to time.  A copy of the Diversified Offering Memorandum is attached hereto as Exhibit H and its terms are expressly incorporated herein.

45.     Under the terms of the Diversified Offering Memorandum, which is governed by Cayman Islands law, Deutsche Bank AG would act as Issuing Agent and Principal Paying Agent in connection with various note issuances, whereas Deutsche Bank Luxembourg would act as the Registrar and Transfer Agent.

46.     The Diversified Offering Memorandum also requires that Diversified Real Estate Development indemnify Deutsche Bank AG in connection with those note issuances. Specifically, page 16 states that "[t]he Agency Agreement contains limitations of liability for the Registrar and Paying Agent and the Issuer has fully indemnified the agents pursuant to the Agency Agreement."

47.     The First Amended Complaint asserts claims and seeks to impose liability on Deutsche Bank AG.

48.     Deutsche Bank AG is entitled to indemnification for costs and legal fees it has incurred in this action.  Deutsche Bank AG is also entitled to indemnification for any damages, costs, or other liability that may be imposed on it in this action.

49.     WHEREFORE, Deutsche Bank AG is entitled to indemnification from Diversified Real Estate Development and judgment is demanded as follows:

a. Declaring that Deutsche Bank AG is entitled to indemnification under both the Diversified Agency Agreement and the Diversified Offering Memorandum;

b.   Awarding to Deutsche Bank AG judgment for any and all damages assessed against it in this action;

c.   Awarding to Deutsche Bank AG its reasonable costs and attorney's fees incurred in this action; and

d.   Such other and further relief as this Court may find just and proper.

### PRAYER FOR RELIEF

WHEREFORE, the Deutsche Bank Defendants respectfully request that a final judgment be entered in their favor dismissing the Amended Complaint with prejudice; awarding the Deutsche Bank Defendants the reasonable costs of this action, including reasonable attorneys' fees; and granting the Deutsche Bank Defendants such other and further relief as the Court deems just and proper.

Dated:  May 13, 2022

*/s/ Harvey W. Gurland, Jr.*
Harvey W. Gurland, Jr.
Florida Bar No. 284033
DUANE MORRIS LLP
201 S. Biscayne Boulevard, Suite 3400
Miami, FL 33131-4325
(305) 960-2214

David G. Januszewski (*pro hac vice*)
Sheila C. Ramesh (*pro hac vice*)
Sesi V. Garimella (*pro hac vice*)
Cahill Gordon & Reindel LLP
32 Old Slip
New York, NY 10005
(212) 701-3000

*Attorneys for Defendants Deutsche Bank AG, Deutsche Bank Trust Company Americas, Deutsche Bank (Suisse) S.A., and Deutsche Bank Luxembourg, S.A.*

DM1\13134458.1