### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

#### Case No.: 1:21-cv-22437-Bloom/Otazo-Reyes

MICHAEL PEARSON, *et al.*,

                     Plaintiffs,

     v .

DEUTSCHE BANK AG, *et al.*,

                     Defendants.

## JOINT PROPOSED JURY INSTRUCTIONS

Pursuant to this Court's November 29, 2022 Order (D.E. 149), Michael Pearson, Andrew Childe, and Anna Silver (collectively, "Plaintiffs"), and Defendants Deutsche Bank AG (collectively, "Defendant" or "Deutsche Bank"),[1] submit these Proposed Jury Instructions to the Court via chambers to Judge Bloom (bloom@flsd.uscourts.gov).

Pursuant to the Court's November 29, 2022 Order, the parties have bolded any instruction on which there is disagreement between the parties.  Instructions proposed only by Plaintiffs are underlined and instructions proposed only by Defendant are italicized.

---

[1] Deutsche Bank Luxembourg S.A. and Deutsche Bank Suisse S.A. were dismissed from this action pursuant to this Court's March 23, 2023 Omnibus Order on Summary Judgment Motions, (D.E. 184).  The Parties are working towards and plan to submit a stipulation in advance of the pretrial conference dismissing with prejudice claims brought by Plaintiffs North Pointe Holdings (B.V.I.) Ltd., Sports Aficionados Ltd., Sentinel Investment Fund SPC; Vanguardia Group, Inc.; and Vanguardia Holdings Ltd. and claims brought against Defendant Deutsche Bank Trust Company Americas.

**PRELIMINARY INSTRUCTIONS** ................................................................................ 1
  General Preliminary Instruction ............................................................................... 1
    The jury's duty: ................................................................................................... 1
    What is evidence: ............................................................................................... 1
    What is not evidence: ......................................................................................... 2
    Credibility of witnesses: .................................................................................... 3
    Description of the case: ...................................................................................... 3
    Burden of Proof: ................................................................................................ 5
    Conduct of the jury: ........................................................................................... 5
    Taking notes: ...................................................................................................... 7
    Course of the trial: ............................................................................................. 7
  The Parties ............................................................................................................... 8
  Official English Translation/Interpretation ........................................................... 10
  Interim Statements – Generally [Only if Requested and Permitted] ..................... 11
  Interim Statements; Instruction when given ........................................................... 11
**TRIAL INSTRUCTIONS** ........................................................................................ 12
  Stipulations ............................................................................................................. 12
  Use of Depositions ................................................................................................. 13
  Judicial Notice ........................................................................................................ 14
  Demonstratives & Summary Exhibits ..................................................................... 15
**BASIC INSTRUCTIONS** ........................................................................................ 16
  Basic Instructions Following the Close of the Evidence ........................................ 16
  Duty to Follow Instructions .................................................................................... 17
  Multiple Claims ...................................................................................................... 18
  Consideration of Evidence – Direct & Circumstantial; Argument of Counsel; Comments by
  the Court ................................................................................................................. 19
  Credibility of Witnesses ......................................................................................... 20
  Impeachment of Witnesses Because of Inconsistent Statements ............................ 21
  Expert Witnesses ..................................................................................................... 22
  Responsibility for Proof .......................................................................................... 23
  Responsibility for Proof – Affirmative Defense Preponderance of the Evidence ... 24
**PLAINTIFFS' CLAIMS** .......................................................................................... 25
  Count I: Fraudulent Trading ................................................................................... 25
    Count I: Fraudulent Trading – Carrying on Business of the Company for Any Fraudulent
    Purpose ............................................................................................................. 27
    Count I: Fraudulent Trading – Knowledge ....................................................... 29
  Count II: Aiding and Abetting Breach of Fiduciary Duty ..................................... 31
    Count II: Aiding and Abetting Breach of Fiduciary Duty – Breach .................. 33
    Count II: Aiding and Abetting Breach of Fiduciary Duty – Actual Knowledge ... 34
    Count II: Aiding and Abetting Breach of Fiduciary Duty – Substantial Assistance ... 36
  Count III: Breach of Fiduciary Duty ...................................................................... 38
    Proximate and Superseding Causes ................................................................... 41
  Count IV: Aiding and Abetting Conversion ........................................................... 42
    Count IV: Aiding and Abetting Conversion – Conversion Defined ................... 44
    Count IV: Aiding and Abetting Conversion – Actual Knowledge ...................... 45

Count IV: Aiding and Abetting Conversion – Substantial Assistance ................................ 47

Count V: Breach of Contract ................................................................................................ 48

Count VI: Negligence ............................................................................................................ 49

    Count VI: Negligence – Duty ............................................................................................ 51

    Count VI: Negligence – Proximate & Superseding Causes ........................................ 54

    Count VI: Negligence – Economic Loss Doctrine ....................................................... 55

**DEFENSES** ................................................................................................................................ 56

    Defense – *Doctrines of Equal Fault* ................................................................................. 56

    Defense – Exculpatory Clauses ........................................................................................ 59

    Defense – Equitable Estoppel ........................................................................................... 61

    Defense – Unclean Hands ................................................................................................. 62

    Defense – Waiver ............................................................................................................... 64

**DAMAGES** ............................................................................................................................... 66

    Damages – Introduction .................................................................................................... 66

    Conversion Damages ......................................................................................................... 67

    Deepening Insolvency ....................................................................................................... 68

    Breach of Fiduciary Duty Damages ................................................................................ 69

    Negligence Damages ......................................................................................................... 70

    Breach of Contract Damages ............................................................................................ 72

    Fraudulent Trading Damages ........................................................................................... 73

    Damages – Multiple Claims ............................................................................................. 74

**FINAL INSTRUCTIONS** ....................................................................................................... 75

    Punitive Damages—Bifurcated Procedure ..................................................................... 75

    Duty to Deliberate ............................................................................................................. 77

    Election of Foreperson – Verdict Forms ......................................................................... 78

    Civil *Allen* Charge [only if requested and necessary] ................................................... 79

**PHASE II: PUNITIVE DAMAGES** ...................................................................................... 81

    Punitive Damages—Bifurcated Procedure ..................................................................... 81

# PRELIMINARY INSTRUCTIONS

## Proposed Jury Instruction No. 1
### General Preliminary Instruction

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a civil trial and your duty as jurors.  These are preliminary instructions.  I will give you more detailed instructions at the end of the trial.

The jury's duty:

It is your duty to listen to the evidence, decide what happened, and apply the law to the facts.  It is my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom.  Evidence comes in many forms.  It can be testimony about what someone saw, heard, or smelled.  It can be an exhibit or a photograph.  It can be someone's opinion.

Some evidence may prove a fact indirectly.  Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas.  This may be indirect evidence that it rained, even though the witness did not personally see it rain.  Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect.  You may choose to believe or disbelieve either kind.  Your job is to give each piece of evidence whatever weight you think it deserves.

1

What is not evidence:

During the trial, you will hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments are not evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves are not evidence and should not play a role in your deliberations.

Second, the lawyers' questions and objections are not evidence. Only the witnesses' answers are evidence. You may not decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones run a red light, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it. The witness's answer, in the context of the question, is the evidence.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence do not permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I will give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I will now summarize the parties' positions. The Plaintiffs, Michael Pearson, Andrew Childe, and Anna Silver, are the **court-appointed** representatives of four companies, which the parties refer to as the Note Issuers, that are insolvent, meaning they have no money and cannot pay their debts. The Note Issuers are Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic, and I will refer to them as the Note Issuers throughout these instructions. The plaintiff-representatives of the Note Issuers are also known as the Liquidators. As representatives of the Note Issuers, the

Plaintiffs stand in the shoes of those companies, in that they may bring claims the Note Issuers could have brought if they were not insolvent, and they are subject to the same defenses that the Note Issuers would be subject to. The Liquidators are responsible for using the proceeds of such claims to pay the debts owed by the Note Issuers. So for example, if a real estate company were insolvent, its representatives could bring a lawsuit to collect rents that were owed to the real estate company and use the proceeds of that lawsuit to pay the real estate company's debts.

Here, the Plaintiffs, on behalf of the four Note Issuers whose interests they represent, claim the Defendant, Deutsche Bank AG, provided banking services to the Note Issuers, that were engaged in a Ponzi scheme. A Ponzi scheme, sometimes called a pyramid scheme, is a type of fraud in which, generally speaking, funds owed to investors are paid not from legitimate business, but from money fraudulently obtained from other investors. The Plaintiffs claim that Defendant enabled certain individuals to increase the Note Issuers' debts while misappropriating their assets,[2] leaving the Note Issuers without assets or funds to repay their investors and creditors. The Plaintiffs contend that the Defendant's actions constituted fraudulent trading, aiding and abetting a breach of fiduciary duty, aiding and abetting conversion (which is another word for theft), breach of a fiduciary duty, breach of contract, and negligence.

The Defendant denies those claims and assert a number of defenses, including that the Liquidators cannot sue on behalf of companies that actually participated in the fraud, of which Defendant claims it was a victim, that Defendant acted reasonably and consistent with its obligations to the Note Issuers, and that the Note Issuers agreed in writing that Defendant would not be liable to them in an action such as this one.

---

[2]     Defendant does not waive and specifically preserves its objection to the admissibility of evidence concerning the Madison Asset custody accounts.

Burden of Proof:

Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence." That means the Plaintiffs must prove that, in light of all of the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring the Plaintiffs, and the evidence favoring the Defendant on opposite sides of balancing scales, the Plaintiffs need to make the scales tip to their side. If the Plaintiffs fail to meet this burden, you must find in favor of the Defendant.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the Court allowed, regardless of who produced them. After considering all of the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," the Defendant has the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts the Defendant must prove for any affirmative defense. After considering all of the evidence, if you decide that the Defendant has successfully proven that the required facts are more likely true than not, the affirmative defense is proved, and you must find for the Defendant on the claim you are considering.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you are a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You should not even talk about the case with each other until you begin your deliberations. You want to make sure you have heard everything – all the evidence, the lawyers' closing

arguments, and my instructions on the law – before you begin deliberating.  You should keep an open mind until the end of the trial.  Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter.  You may not use any similar social media technology, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also should not Google or search online or offline for any information about the case, the parties, or the law.  Do not read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case.  The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it.  It is very important that you understand why these rules exist and why they are so important.  You must base your decision only on the testimony and other evidence presented in the courtroom.  It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom.  For example, the law often uses words and phrases in special ways, so it is important that any definitions you hear come only from me and not from any other source.  Only you, the jurors, can decide a verdict in this case.  The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said.  If you do take notes, please do not share them with anyone until you go to the jury room to decide the case. Do not let note-taking distract you from carefully listening to and observing the witnesses.  When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory.  They are not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial.  First, each side may make an opening statement, but they do not have to.  Remember, an opening statement is not evidence, and it is not supposed to be argumentative; it is just an outline of what that party intends to prove.

Next, Plaintiffs will present their witnesses and ask them questions.  After Plaintiffs question the witness, Defendant may ask the witness questions – this is called "cross-examining" the witness.  Then Defendant will present its witnesses, and Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I will give you instructions on the law.

You will then go to the jury room to deliberate.

AUTHORITY:

Eleventh Circuit Civil Pattern Jury Instruction 1.1 (2022 revision); *Piccolo v. Piccolo*, Case No. 15-cv-62463-BB, (D.E.. 137) (S.D. Fla. Oct. 21, 2016) (Bloom, J.).

7

# Proposed Jury Instruction No. 2
## The Parties

*The Plaintiffs, Michael Pearson, Andrew Childe, and Anna Silver, are Foreign Representatives and Joint Official Liquidators for a number of offshore entities currently in liquidation in the Cayman Islands, British Virgin Islands, and the Bahamas. These entities participated in the underlying Ponzi scheme as, among other things, advisors and broker dealers, holding companies, note issuers, and trusts.*

*Liquidators, such as Plaintiffs, stand in the shoes of the entities which they represent. Liquidators may bring any suit that the entities may bring and are subject to any defense that may be raised against the companies. The Liquidators do not represent the investors in notes issued by these companies, other people or entities to whom the companies owe money, or any other party. The Defendant is Deutsche Bank AG, an international bank that provides financial services, about which you will hear during the trial.*

*The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company with the intent to benefit the corporation.*

*DEFENDANT'S AUTHORITY:*

11 U.S.C. §§ 541–42; *see also Off. Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1150 (11th Cir. 2006) ("A bankruptcy trustee stands in the shoes of the debtor and has standing to bring any suit that the debtor could have instituted[.]"); *O'Halloran v. First Union Nat. Bank of Fla.*, 350 F.3d 1197, 1202 (11th Cir. 2003) ("A bankruptcy trustee stands in the shoes of the debtor and has standing to bring any suit that the debtor could have instituted had it not been thrown into bankruptcy."); *Pearson v. Deutsche Bank AG*, Case No. 21-cv-22437, 2022 WL 951316, at *5 n.4 (S.D. Fla. Mar. 30,

2022) ("Defendants contend, and Plaintiffs do not dispute, that the *in pari delicto* doctrine would apply to foreign liquidators just as it would apply to bankruptcy trustees.").

## Proposed Jury Instruction No. 3
## Official English Translation/Interpretation

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court interpreters or translators.  It is important that all jurors consider the same evidence.  So even if some of you know other languages, you must accept the English interpretation or translation provided and disregard any different meaning.

AUTHORITY:

Eleventh Circuit Civil Pattern Jury Instruction 1.3 (2022 revision).

10

## Proposed Jury Instruction No. 4
### <u>Interim Statements – Generally [Only if Requested and Permitted]</u>

<u>At times during the trial, the lawyers will address you. You'll soon hear the lawyers'</u>

<u>opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes</u>

<u>the lawyers may choose to make short statements to you, either to preview upcoming evidence or</u>

<u>to summarize and highlight evidence they just presented. These statements and arguments are the</u>

<u>lawyers' views of the evidence or of what they anticipate the evidence will be. They are not</u>

<u>evidence themselves.</u>

### <u>Interim Statements; Instruction when given</u>

<u>At the beginning of the trial, I told you that the lawyers might make short statements</u>

<u>previewing upcoming evidence or summarizing and highlighting evidence that they have already</u>

<u>presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement.</u>

<u>Please remember that the statement you are about to hear—like all statements by the lawyers—is</u>

<u>[Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence</u>

<u>will be, but isn't itself evidence.</u>

<u>PLAINTIFFS' AUTHORITY:</u>

Eleventh Circuit Civil Pattern Jury Instruction 1.5 & 2.4.

11

# TRIAL INSTRUCTIONS

## Proposed Jury Instruction No. 5
### Stipulations

Sometimes the parties have agreed that certain facts are true.  This agreement is called a

stipulation.  You must treat these facts as proved for this case.

AUTHORITY:

> Eleventh Circuit Civil Pattern Jury Instruction 2.1 (2022 revision); *Piccolo v. Piccolo*, Case No. 15-cv-62463-BB, (D.E. 137) (S.D. Fla. Oct. 21, 2016) (Bloom, J.).

## Proposed Jury Instruction No. 6
## Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial.  During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video].  Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

AUTHORITY:

Eleventh Circuit Civil Pattern Jury Instruction 2.2 (2022 revision).

## Proposed Jury Instruction No. 7
### Judicial Notice

The rules of evidence allow me to accept facts that no one can reasonably dispute.  The law calls this "judicial notice."  I have accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it.  You must accept it as true for this case.

AUTHORITY:

Eleventh Circuit Civil Pattern Jury Instruction 2.5 (2022 revision).

## Proposed Jury Instruction No. 8
### Demonstratives & Summary Exhibits

Generally:

This witness will be using a visual aid(s) often referred to as a demonstrative to assist in explaining or illustrating [his/her] testimony.  The testimony of the witness is evidence; however, [this/these] demonstrative(s) [is/are] not to be considered as evidence in the case unless received in evidence, and should not be used as a substitute for evidence.  A demonstrative is not to be confused with a summary exhibit, which are admitted into evidence.  Only items received in evidence will be available to you for consideration during your deliberations.

Generally:

Summary exhibits are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

AUTHORITY:

Florida Standard Jury Instruction—Civil Cases, Instruction Regarding Visual or Demonstrative Aids 301.4 (2023); Ninth Circuit Civil Jury Instruction 2.15 (2022 revision).

# BASIC INSTRUCTIONS

## Proposed Jury Instruction No. 9
### Basic Instructions Following the Close of the Evidence

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

AUTHORITY:

Eleventh Circuit Civil Pattern Jury Instruction 3.1 (2022 revision); *Piccolo v. Piccolo*, Case No. 15-cv-62463-BB, (D.E. 137) (S.D. Fla. Oct. 21, 2016) (Bloom, J.).

## Proposed Jury Instruction No. 10
Duty to Follow Instructions

Your decision must be based only on the evidence presented here.  You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the instructions on the law.

**<u>The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.</u>**

*However, an employee's knowledge or actions may not be imputed to the corporation if the employee is acting adversely to the corporation.  Stated another way, an employee's knowledge or actions may be imputed to the corporation unless the employee's interest is adverse to the corporation's interest.*[3]

AUTHORITY:

Eleventh Circuit Civil Pattern Jury Instruction 3.2.2 (2022 revision).

---

[3] *DEFENDANT'S AUTHORITY*: *Chang v. JPMorgan Chase Bank*, N.A., 845 F.3d 1087, 1095 (11th Cir. 2017).

**Proposed Jury Instruction No. 11**
Multiple Claims

In your deliberations, you will consider and decide several distinct claims. Although these claims have been tried together, each is separate from the others. Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, as you would have each claim been tried before you separately.

AUTHORITY:

Florida Standard Jury Instructions—Civil Cases, 601.4 (2023).

18

## Proposed Jury Instruction No. 12
## Consideration of Evidence – Direct & Circumstantial; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. As I explained to you earlier, circumstantial evidence is evidence that may prove a fact indirectly. In the example I gave you, a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be circumstantial evidence that it rained, even though the witness did not personally see it rain. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

AUTHORITY:

Eleventh Circuit Civil Pattern Jury Instruction 3.3 (2022 revision).

19

# Proposed Jury Instruction No. 13
## Credibility of Witnesses

When I say you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe everything a witness says, part of it, or none of it. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

AUTHORITY:

Eleventh Circuit Civil Pattern Jury Instruction 3.4 (2022 revision); *Piccolo v. Piccolo*, Case No. 15-cv-62463-BB, (D.E. 137) (S.D. Fla. Oct. 21, 2016) (Bloom, J.).

## Proposed Jury Instruction No. 14
## Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

AUTHORITY:

Eleventh Circuit Civil Pattern Jury Instruction 3.5.1 (2022 revision).

## Proposed Jury Instruction No. 15
### Expert Witnesses

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

AUTHORITY:

Eleventh Circuit Civil Pattern Jury Instruction 3.6.1 (2022 revision).

## Proposed Jury Instruction No. 16
### Responsibility for Proof

In this case it is the responsibility of the party bringing any claim to prove every essential part of the claims by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim by a preponderance of the evidence, you should find against Plaintiffs.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

AUTHORITY:

> Eleventh Circuit Civil Pattern Jury Instruction 3.7.1 (2022 revision); *Piccolo v. Piccolo*, Case No. 15-cv-62463-BB, (D.E. 137) (S.D. Fla. Oct. 21, 2016) (Bloom, J.).

23

## Proposed Jury Instruction No. 17
## Responsibility for Proof – Affirmative Defense Preponderance of the Evidence

In this case, the Defendant asserts the affirmative defenses of doctrines of equal fault, equitable estoppel, unclean hands, and waiver, each of which I will discuss separately.  Even if the Plaintiffs prove the claim you are considering by a preponderance of the evidence, the Defendant can prevail on the claim if they prove an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.  I caution you that the Defendant does not have to disprove the Plaintiffs' claims, but if the Defendant raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

AUTHORITY:

Eleventh Circuit Civil Pattern Jury Instruction 3.7.2 (2022 revision).

# PLAINTIFFS' CLAIMS

## Proposed Jury Instruction No. 18
### Count I: Fraudulent Trading

Plaintiffs' first claim is for fraudulent trading under Section 147 of the Cayman Islands Companies Act.  In support of that claim, Plaintiffs contend that during the course of the Ponzi scheme, certain individuals, including Roberto G. Cortes, Ernesto H. Weisson, Juan Carlos Cortes, Frank Chatburn, Gustavo Trujillo, Fernando Haberer, which you have heard referred to as the Individual Wrongdoers, and others acting with them carried out the business of Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic, which you have heard referred to as the Note Issuers, for fraudulent purposes, **including misappropriating assets from the Note Issuers and** causing the Note Issuers to incur liability that the Individual Wrongdoers knew the Plaintiff Note Issuers could not repay.  Plaintiffs further contend that Defendant knew about and was a party to the ongoing wrongdoing.  Defendant contends that it did not know of any wrongdoing at the time, and only performed legal, routine banking services.

For Plaintiffs to prevail on the fraudulent trading claim, they must prove the following by a preponderance of the evidence:

1) Any business of the Note Issuers Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic was being carried on for any fraudulent purpose;

2) Defendant participated in the carrying on of the business in a fraudulent manner; and

3) ***Defendant did so knowing that the transactions it was participating in were intended to defraud or was willfully blind to this fact, which I will define shortly.*** [4]

**3) Defendant did so knowingly or turned a blind eye to the likelihood that it was a party to the fraudulent purpose.** [5]

---

[4]    *DEFENDANT'S SUPPORT: Morris* v. *St. Bank of India* [2003] EWHC 1868 (Ch).

[5]    PLAINTIFFS' SUPPORT: ECF No. [40-1] at 9–11 (Declaration of Rupert Bell ¶¶ 21–23,

AUTHORITY:

*Morris v. St. Bank of India* [2003] EWHC 1868 (Ch); *Re Maidstone Buildings Provisions Ltd* [1971] 1 W.L.R. 1085; *Ivey v. Genting Casinos (UK) Ltd t/a Crockfords Club* [2017] UKSC 67; *Manifest Shipping Co Ltd v. Uni-Polaris Ins. Co. Ltd* [2003] 1 AC 469; *Re Bank of Credit and Commerce International SA & Amor. Banque Arabe Internationale D'Investissement SA v. Morris & Ors* [2001] 1 BCLC 263; *Re Patrick and Lyon Ltd* [1933] Ch. 786.

---

citing *Morris_v State Bank of India* [2003] EWHC 1868 (Ch) (Patten, J), and *Manifest Shipping Co Ltd v Uni-Polaris Co Ltd* [2003] 1 AC 469).

## Proposed Jury Instruction No. 19

## Count I: Fraudulent Trading – Carrying on Business of the Company for Any Fraudulent Purpose

**In order to prove that Defendant "carried on" the business, Plaintiffs must show that Defendant took positive steps in furtherance of the fraud.**

**To be party to the carrying on of the business, it is enough to be one who is involved in, assists, and benefits from the activity. One need not have been exercising management or control over the business.**

**When considering whether any business(es) of the Note Issuers was being carried on for any fraudulent purpose, it is not necessary that the entire business of any Company have been carried on for some fraudulent purpose.**

**A "fraudulent purpose" is one that is dishonest or falls short of the ordinary standard of honest behavior.**

PLAINTIFFS' AUTHORITY:

> ECF No. [40-1] at 8 (Bell declaration ¶ 19(c)(i), quoting *Re BCCI Banque Arabe v. Morris* [2001] 1 BCLC 263, at 273 para. E); ECF No. [158-1] at 28 (Toube declaration, ¶ 64, citing *Bank of India v. Morris*, [2005] BCC 739 (CA), [97]); Cayman Companies Act § 147(1) ("If in the course of the winding up of a company it appears that any business of the company has been carried on with intent to defraud …."); *In re ICP Strategic Credit Income Fund Ltd.* [2014] (2) CILR 1, [5] (Jones, J); ECF No. [158-1] at 15–17 (*Toube* Declaration ¶¶ 47, 51, 53, 62, quoting *Ritter v. Butterfield Bank (Cayman) Ltd.* 2018 (1) CILR 529, at [180]).

*       *       *

***In order to prove that Defendant "carried on" the business in a fraudulent manner, Plaintiffs must prove that Defendant took positive, affirmative steps in furtherance of the fraud. Mere omissions are insufficient. Participating in business transactions that Defendant***

**understood were bona fide is also not sufficient to establish that the Defendant carried on the**

**business in a fraudulent manner.**

DEFENDANT'S AUTHORITY:

> Morris v. St. Bank of India [2003] EWHC 1868 (Ch); Re Maidstone Buildings Provisions Ltd [1971] 1 W.L.R. 1085; Ivey v. Genting Casinos (UK) Ltd t/a Crockfords Club [2017] UKSC 67; Manifest Shipping Co Ltd v. Uni-Polaris Ins. Co. Ltd [2003] 1 AC 469; Re Bank of Credit and Commerce International SA & Amor. Banque Arabe Internationale D'Investissement SA v. Morris & Ors [2001] 1 BCLC 263; Re Patrick and Lyon Ltd [1933] Ch. 786.

# Proposed Jury Instruction No. 20
## Count I: Fraudulent Trading – Knowledge

To show that Defendant knew that they were party to the fraudulent purpose, it is enough for Plaintiffs to show that Defendant believed or suspected that fraud was occurring, yet made a deliberate decision not to learn facts that might result in their gaining actual knowledge.

While a defendant must know of the fraudulent intent, it need not know every detail of the fraud or the precise mechanics of how the fraud would be carried out.

It is not necessary that all or even any of a Defendant's board or other senior executives possessed the relevant knowledge. The question is whether one or more of Defendant's employees with authority to deal with the transactions at issue had such knowledge.

PLAINTIFFS' AUTHORITY:

> *Group Seven Ltd v Nasir* [2019] EWCA Civ 614, [61]; *NatWest Markets Plc v. Bilta (UK) Ltd* [2021] EWCA Civ 680, [130] and [133] (the entire Court); ECF No. [158-1] at 30 (*Toube* Declaration ¶¶ 69.1, 69.2, citing *Morris v. Bank of India* [2004] BCC 404 (Ch.), [13] (Patten, J), and *Bank of India v. Morris* [2005] BCC 739 (CA), [112], [120], [125]).

*      *      *

*In order to prove that Defendant knew that the transactions it was participating in were intended to defraud, Plaintiffs must prove (1) that Defendant acted dishonestly and (2) that Defendant knew that the transactions they were participating in were fraudulent at the time the transactions occurred or that they were willfully blind to the fraud.  Willful blindness exists when, based on specific facts, Defendant had a firmly-grounded suspicion that the transactions were fraudulent and made a deliberate decision to avoid confirming this suspicion.  To act dishonestly involves real moral blame.  Proving that Defendant was negligent or grossly*

29

*negligent in failing to appreciate that a fraud was being perpetrated or that Defendant failed to*

*inquire into untargeted or speculative suspicions are not sufficient to establish that Defendant*

*knew the transactions were intended to defraud and acted dishonestly.*

*DEFENDANT'S AUTHORITY:*

> *Morris v. St. Bank of India* [2003] EWHC 1868 (Ch); *Re Maidstone Buildings Provisions Ltd* [1971] 1 W.L.R. 1085; *Ivey v. Genting Casinos (UK) Ltd t/a Crockfords Club* [2017] UKSC 67; *Manifest Shipping Insurance Co. Ltd v. Uni-Polaris Co Ltd* [2003] 1 AC 469; *Re Bank of Credit and Commerce International SA & Amor. Banque Arabe Internationale D'Investissement SA v. Morris & Ors* [2001] 1 BCLC 263; *Re Patrick and Lyon Ltd* [1933] Ch. 786.

## Proposed Jury Instruction No. 21
## Count II: Aiding and Abetting Breach of Fiduciary Duty

Plaintiffs' second claim is for aiding and abetting a breach of fiduciary duty.  Plaintiffs contend that during the course of the Ponzi scheme, Roberto G. Cortes, Ernesto H. Weisson, Juan Carlos Cortes, Frank Chatburn, Gustavo Trujillo, Fernando Haberer, which you have heard referred to as the Individual Wrongdoers, and others breached a fiduciary duty that they owed to four companies that you have heard referred to as the Note Issuers.  These companies are Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic.

***Plaintiffs further contend that Defendant aided and abetted this breach by engaging in fraudulent and illegitimate transactions and activities, and helping to conceal the illegal activity, all in furtherance of the ongoing breach of fiduciary duty.***

**<u>Plaintiffs further contend that Defendant aided and abetted this breach by opening unauthorized sub-accounts, delivering assets of the Note Issuers into those accounts, allowing and assisting the Wrongdoers to wire the Companies' assets from those accounts to hundreds of different recipients over the course of several years, and helping to conceal the illegal activity, all in furtherance of the ongoing breach of fiduciary duty.</u>**

Defendant contends that it had no knowledge of the ongoing breach of fiduciary duty, and did not take any steps to assist in the breach.

The term "fiduciary duty" means the duty one person owes to another in special relationships of trust and confidence, in which one person justifiably expects the person who owes the duty (the fiduciary) to act in the best interests of the person to whom the duty is owed.

For Plaintiffs to prevail on this claim, they must prove the following by a preponderance of the evidence:

1) That at least one of Roberto G. Cortes, Ernesto H. Weisson, Juan Carlos Cortes, Frank Chatburn, Gustavo Trujillo, Fernando Haberer or others owed a fiduciary duty to Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic – also called the Note Issuers;

2) A breach of that fiduciary duty;

3) Defendant had actual knowledge of the breach of fiduciary duty at the time it occurred; and

4) Defendant substantially assisted the person or persons who committed the breach of fiduciary duty in committing the breach.

To prove the existence of a fiduciary duty between Messrs. Cortes, Weisson, Cortes, Chatburn, Trujillo, and Haberer and the Note Issuers, Plaintiffs must prove the following:

1) A relationship existed between Messrs. Cortes, Weisson, Cortes, Chatburn, Trujillo, Haberer, or others on one hand, and Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic – also called the Note Issuers – on the other hand, in which the Note Issuers put their trust in Messrs. Cortes, Weisson, Cortes, Chatburn, Trujillo, Haberer, or others to protect the Note Issuers' financial or property interest; and

2) Messrs. Cortes, Weisson, Cortes, Chatburn, Trujillo, Haberer, or others accepted that trust.

AUTHORITY:

Eleventh Circuit Civil Pattern Jury Instruction 6.1 (2022 revision); *Combe v. Flocar Inv. Grp. Corp.*, 977 F. Supp. 2d 1301, 1307 (S.D. Fla. 2013); *Piccolo v. Piccolo*, Case No. 15-cv-62463-BB, (D.E. 137) (S.D. Fla. Oct. 21, 2016) (Bloom, J.); *Perlman v. Wells Fargo Bank, N.A.*, 559 F. App'x 988, 993 (11th Cir. 2014) ("The elements of a cause of action for aiding and abetting in Florida are: '(1) an underlying violation on the part of the primary wrongdoer; (2) knowledge of the underlying violation by the alleged aider and abettor; and (3) the rendering of substantial assistance in committing the wrongdoing by the alleged aider and abettor.'") (quoting *Lawrence v. Bank of Am., N.A.*, 455 F. App'x 904, 906 (11th Cir. 2012)); *S&B/BIBB Hines PB 3 Joint Venture v. Progress Energy Fla., Inc.*, 365 F. App'x 202, 207 (11th Cir. 2010) ("To establish a cause of action for aiding and abetting a breach of fiduciary duty, S&B must allege: 1) a fiduciary duty on the part of the wrongdoer; 2) a breach of fiduciary duty; 3) knowledge of the breach by the alleged aider and abettor; and 4) the aider and abettor's substantial assistance or encouragement of the wrongdoing.").

## Proposed Jury Instruction No. 22
### Count II: Aiding and Abetting Breach of Fiduciary Duty – Breach

A breach of a fiduciary duty occurs when a defendant fails to act with the utmost good faith, fairness, and honesty and failed to protect the financial or property interests of one to whom it owes such a duty.

AUTHORITY:

Florida Standard Jury Instructions—Contract and Business Cases, 451.5 (2023).

## Proposed Jury Instruction No. 23
## Count II: Aiding and Abetting Breach of Fiduciary Duty – Actual Knowledge

**To succeed on their aiding and abetting breach of fiduciary duty claims, Plaintiffs must also show Defendant's "actual knowledge" of the primary wrongdoing.**

**Proving that Defendant should have known is insufficient to establish actual knowledge.**

**Actual knowledge may be shown by circumstantial evidence or reckless conduct.**

**A defendant has actual knowledge for this purpose if it has general awareness that its role was part of an overall improper activity.**

**As with Plaintiffs' aiding and abetting conversion claim, a Defendant's actual knowledge includes all the knowledge of that Defendant's employees within the course of their employment, even if the employees do not communicate that information to the Defendant or to each other.**

PLAINTIFFS' AUTHORITY:

> *Perlman v. Wells Fargo Bank, N.A.*, 559 F. App'x 988, 993 (11th Cir. 2014); *B-Smith Enterprises, LP v. Bank of Am., N.A.*, 2023 WL 2034419, at *2 (11th Cir. 2023); *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1410 (11th Cir. 1994), modified on reh'g, 30 F.3d 1347 (11th Cir. 1994); *Gillison v. Flagler Bank*, 303 So. 3d 999, 1003–04 (Fla. 4th Dist. Ct. App. 2020); *Gutter v. E.I. DuPont de Nemours*, 124 F. Supp. 2d 1291, 1309 (S.D. Fla. 2000); *United States v. Bank of New England, N.A.*, 821 F.2d 844, 856 (1st Cir. 1987); *Marchisio v. Carrington Mortg. Servs., LLC*, 919 F.3d 1288, 1313 (11th Cir. 2019); *Dye v. Tamko Bldg. Prods., Inc.*, 908 F.3d 675, 685 (11th Cir. 2018)

*   *   *

*Plaintiffs must prove that Defendant had "actual knowledge" of the breach of fiduciary duty at the time it occurred.  Actual knowledge may be shown by circumstantial evidence. However, a preponderance of the evidence must prove actual awareness of the party's role in*

34

*the fraudulent scheme.  Proving that Defendant "should have known," or ignored "red flags," is insufficient to establish "actual knowledge."*

*A corporation has knowledge of all material facts of which its employee receives notice or acquires knowledge, even if the employee does not communicate the knowledge to the corporation or to other employees of the corporation, provided, however, that the employee is acting within the scope of his or her authority.  However, an employee's knowledge may not be imputed to the corporation if the employee is acting adversely to the corporation.  Stated another way, an employee's knowledge may be imputed to the corporation unless the employee's interest is adverse to the corporation's interest.*

DEFENDANT'S AUTHORITY:

> *Pearson et al.* v. *Deutsche Bank AG*, Case No. 1:21-cv-22437-BB (D.E. 184) ("When a bank is accused of aiding and abetting, a plaintiff must show that the bank had 'actual knowledge.'"); *B-Smith Enterprises, LP v. Bank of Am., N.A.*, 2023 WL 2034419, at *2 (11th Cir. Feb. 16, 2023) ("In the context of an aiding-and-abetting claim asserted against a bank, the knowledge element requires a showing that the bank had actual knowledge of the alleged wrongdoing.  Allegations that a bank should have known of the alleged breach of fiduciary duty or that a bank disregarded red flags such as atypical activities on a customer's account [are] insufficient to establish knowledge.") (alteration in original) (citations and quotations omitted); *Perlman v. Wells Fargo Bank, N.A.*, 559 F. App'x 988, 993 (11th Cir. 2014); *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1095 (11th Cir. 2017).

## Proposed Jury Instruction No. 24
## Count II: Aiding and Abetting Breach of Fiduciary Duty – Substantial Assistance

**As with aiding and abetting conversion, substantial assistance as required for an aiding and abetting a breach of fiduciary duty "occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur." *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1098 (11th Cir. 2017).**

**And if you find that Defendant itself owes a fiduciary duty to the Note Issuers, Defendant's lack of action alone can constitute substantial assistance.**

PLAINTIFFS' AUTHORITY:

*Chang v. JPMorgan Chase Bank, N.A.,* 845 F.3d 1087, 1098 (11th Cir. 2017).

\*     \*     \*

*"Substantial assistance" in an aiding and abetting a breach of fiduciary duty claim occurs when a defendant affirmatively and actively participated in the alleged breach. This means that a defendant assisted, helped conceal, or neglected a specific obligation to act, thereby enabling the breach to occur. Mere inaction constitutes substantial assistance only if you find that Defendant itself owed a fiduciary duty to Note Issuers Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic. As I will instruct you in connection with Count III, a bank only owes a fiduciary duty to a client if such a duty is specifically and explicitly provided for in a contract.*

*DEFENDANT'S AUTHORITY:*

*Piccolo* v. *Piccolo*, Case No. 15-cv-62463-BB, (DE 137) (S.D. Fla. Oct. 21, 2016) (Bloom, J.); *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1098 (11th Cir. 2017); *In re Cascade Int'l Sec. Litig.*, 840 F. Supp. 1558, 1566 (S.D. Fla. 1993) (dismissing claim for aiding and abetting securities fraud because "substantial assistance" element "require[s] more than allegations that the [defendant] acted as

36

a scrivener for the client, but that the [defendant] actively participated" in the underlying fraud) (internal quotations and citation omitted); *Bruhl v. Price Waterhousecoopers Intern.*, 2007 WL 983263, at *10 (S.D. Fla. Mar. 27, 2007) (dismissing claim for aiding and abetting fiduciary duty because plaintiffs failed to adequately allege "substantial assistance" element and citing favorably to *Cascade*).

## Proposed Jury Instruction No. 25
### Count III: Breach of Fiduciary Duty

Plaintiffs' third claim is for breach of fiduciary duty.  Plaintiffs contend that Defendant owed a fiduciary duty to Note Issuers Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic as a result of Agency Agreements that they entered with Defendant.

***Plaintiffs' further contend that Defendant breached this fiduciary duty by facilitating alleged fraudulent transactions and allegedly engaging in improper activities.***

**<u>Plaintiffs further contend that Deutsche Bank AG breached this fiduciary duty by opening unauthorized sub-accounts, delivering assets of the Note Issuers into those accounts, allowing and assisting the Wrongdoers to wire the Companies' assets from those accounts to hundreds of different recipients over the course of several years, and helping to conceal the illegal activity.</u>**

Defendant contends that it did not owe Note Issuers Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic a fiduciary duty, and none of its actions constitute a breach even if a duty had existed.

For Plaintiffs to prevail on this claim, they must prove the following by a preponderance of the evidence:

1) A fiduciary duty existed between Note Issuers Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic and Defendant;

2) Defendant breached that fiduciary duty;

3) Defendant's breach is a proximate cause of Note Issuers Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic's alleged injury.

AUTHORITY:

*Piccolo v. Piccolo*, Case No. 15-cv-62463-BB, (D.E. 137) (S.D. Fla. Oct. 21, 2016) (Bloom, J.); Florida Standard Jury Instructions—Contract and Business Cases, 451.4 (2023); *Knezevich v. Carter*, 805 F. App'x 717, 726 (11th Cir. 2020) ("Under Florida law,

the elements of a claim for breach of fiduciary duty are: (1) the existence of a fiduciary duty and (2) the breach of that duty such that it is the proximate cause of the *plaintiff's* damages."); *Hakim-Daccach v. Knauf Int'l GmbH*, 2017 WL 5634629, at \*6 (S.D. Fla. Nov. 22, 2017); *Combe v. Flocar Inv. Grp. Corp.*, 977 F. Supp. 2d 1301, 1307 (S.D. Fla. 2013).

\*     \*     \*

**Banks, such as Deutsche Bank AG, do not generally owe their customers a fiduciary duty. A fiduciary relationship can, however, be created by contract or implied based on the facts and circumstances surrounding the parties' relationship. An agency relationship imposes fiduciary duties on the agent regarding the subject matter of the relationship.**

PLAINTIFFS' AUTHORITY:

*Cap. Bank v. MVB, Inc.*, 644 So. 2d 515, 518 (Fla. 3d Dist. Ct. App. 1994); *FDIC v. Floridian Title Group, Inc.*, 972 F. Supp. 2d 1289, 1297 (S.D. Fla. 2013); *Treasure Salvors, Inc. v. Unidentified, Wrecked & Abandoned Sailing Vessel*, 556 F. Supp. 1319, 1339 (S.D. Fla. 1983) ("An agent owes a duty of the utmost loyalty to his principal. This is a fiduciary duty with respect to matters within the scope of the agency." (internal quotations and citations omitted)); *Fisher v. Grady*, 178 So. 852, 860 (Fla. 1937) ("It is well settled that an agent is a fiduciary with respect to the matters within the scope of his agency.").

\*     \*     \*

*I have already instructed you on the meaning of breach and fiduciary duty.  However, banks, such as Defendant, do not owe their customers a fiduciary duty unless they specifically and explicitly agree to create one in a contract.*

*[In addition, you may have heard references to the Bank Secrecy Act, anti-money laundering regulations, and Defendant's internal policies and procedures.  A bank's obligations under the Bank Secrecy Act and anti-money laundering regulations are owed to the government alone.  These laws and regulations do not create a duty owed to a bank's customers.  Similarly, a bank's internal policies and procedures do not create a duty to the bank's customers or third parties.  Therefore, you may not find that Defendant breached its duty based on any failure by*

39

*Defendant or its employees to adhere to anti-money laundering laws or the Bank's policies or*

*procedures.]*[6]

*DEFENDANT'S AUTHORITY:*

> *Lamm v. State St. Bank & Tr. Co.*, 889 F. Supp. 2d 1321, 1331 (S.D. Fla. 2012), *aff'd sub nom. Lamm v. State St. Bank & Tr.*, 749 F.3d 938 (11th Cir. 2014) ("Under Florida law, banks ordinarily do not owe fiduciary duties to their customers."); *Jaffe* v. *Bank of Am., N.A.*, 667 F. Supp. 2d 1299, 1319 (S.D. Fla. 2009), *aff'd*, 395 F. App'x 583 (11th Cir. 2010); *Brenmar Holdings, LLC v. Regions Bank, N.A.*, 2016 WL 4270206, at *4–5 (S.D. Fla. 2016); *Wiand v. Wells Fargo Bank, N.A.*, 86 F. Supp. 3d 1316, 1322 (M.D. Fla. 2015), *aff'd*, 677 F. App'x 573 (11th Cir. 2017) (acknowledging that banking statutes do not create a private right of action for private litigants to seek enforcement and redress); *United States v. Stoecker*, 920 F. Supp. 867, 874–75 (N.D. Ill. 1996) (excluding evidence of bank's internal operating procedures and ethical standards because violations of the procedures did not constitute unlawful conduct and any such violations was not relevant to whether defendant violated the law); *In re Urethane Antitrust Litig.*, 2016 WL 475339, at *2 (D.N.J. Feb. 8, 2016) (holding that the manner in which defendant interpreted its own antitrust policies was irrelevant in antitrust case); *United States v. Penn*, 2022 WL 523004, at *2 (D. Colo. Feb. 22, 2022) (excluding antitrust training and policies as irrelevant).

---

[6]     Defendant does not waive and specifically preserves its objection to the admission of evidence concerning the Bank Secrecy Act, anti-money laundering regulations, and internal bank policies.

# Proposed Jury Instruction No. 26
## Proximate and Superseding Causes[7]

Proximate cause is a measure of foreseeability.  A plaintiff's injury must be a foreseeable and likely result of the defendant's actions.  In order for Plaintiffs to prove proximate cause, there must be such a natural, direct, and continuous sequence between Defendant's act or omission and the Note Issuers' injury that it can reasonably be said that but for Defendant's act or omission the injury would not have occurred.

*A finding of proximate cause is improper where there was an intervening cause of Plaintiffs' injury, meaning another cause led to the injury.*

AUTHORITY:

*Palma v. BP Prod. N. Am., Inc.*, 347 F. App'x 526, 527–28 (11th Cir. 2009); *Nat'l Union Fire Ins. Co. of Pittsburgh v. All Am. Freight, Inc.*, Case No. 14-cv-62262, (D.E. 104-1) (S.D. Fla. Feb. 16, 2016) (Bloom, J.) (Proposed Jury Instruction).

---

[7] Defendant's Fifth Defense.

## Proposed Jury Instruction No. 27
## Count IV: Aiding and Abetting Conversion

Plaintiffs' fourth claim is for aiding and abetting conversion.  Plaintiffs contend that the Individual Wrongdoers, Roberto G. Cortes, Ernesto H. Weisson, Juan Carlos Cortes, Frank Chatburn, Gustavo Trujillo, and Fernando Haberer, converted millions of dollars from Note Issuers Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic.

**Plaintiffs further contend that Defendant aided and abetted this conversion by opening unauthorized sub-accounts, delivering assets of the Note Issuers into those accounts, allowing and assisting the Wrongdoers to wire the Companies' assets from those accounts to hundreds of different recipients over the course of several years, and helping to conceal the illegal activity, all in furtherance of the ongoing conversion.**

*Plaintiffs further contend that Defendant aided and abetted this conversion by facilitating and engaging in fraudulent transactions and activity.*

Defendant contends that they had no knowledge of the ongoing conversion, and did not take any steps to assist the conversion.

For Plaintiffs to prevail on this claim, they must prove the following by a preponderance of the evidence:

1) Others converted the Note Issuers' property;

2) Defendant had actual knowledge of the conversion at the time it occurred;

3) Defendant substantially assisted the person or persons who committed the conversion; and

4) Defendant's aiding and abetting others' conversion of the Note Issuers' property proximately caused damages to the Note Issuers.

I have already instructed you on the meaning of proximate cause and the concept of superseding cause, which also apply to this count.

42

AUTHORITY:

*Piccolo v. Piccolo*, Case No. 15-cv-62463-BB, (D.E. 137) (S.D. Fla. Oct. 21, 2016) (Bloom, J.); *Perlman v. Wells Fargo Bank, N.A.*, 559 F. App'x 988, 993 (11th Cir. 2014) ("The elements of a cause of action for aiding and abetting in Florida are: '(1) an underlying violation on the part of the primary wrongdoer; (2) knowledge of the underlying violation by the alleged aider and abettor; and (3) the rendering of substantial assistance in committing the wrongdoing by the alleged aider and abettor.'") (quoting *Lawrence v. Bank of Am., N.A.*, 455 F. App'x 904, 906 (11th Cir. 2012)); *Freeman v. JP Morgan Chase Bank, N.A.*, 137 F. Supp. 3d 1284, 1295 (M.D. Fla. 2015) ("A cause of action for aiding and abetting requires: '(1) an underlying violation on the part of the wrongdoer; (2) knowledge of the underlying violation; and (3) the rendering of substantial assistance in committing the wrongdoing by the alleged aider and abetter.') (discussing aiding and abetting conversion claim) (quoting *Lawrence v. Bank of Am., N.A.*, 455 F. App'x. 904, 906 (11th Cir. 2012)).

## Proposed Jury Instruction No. 28
## Count IV: Aiding and Abetting Conversion – Conversion Defined

To prevail on their aiding and abetting conversion claim, Plaintiffs must prove that another converted the Note Issuers' property.  To do so, Plaintiffs must prove that another took the Note Issuers' property without authorization and with an intent to exercise dominion or control over the property permanently or for an indefinite time.

\*      \*      \*

*A conversion claim for money requires proof that the funds are specific and identifiable. Money is capable of identification where it is delivered at one time, by one act and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit, or where the wrongful possession of such property is obtained.*

DEFENDANT'S AUTHORITY:

*Tambourine Comercio Internacional SA v. Solowsky*, 312 F. App'x 263, 272 (11th Cir. 2009); *Gilbert & Caddy, P.A. v. JP Morgan Chase Bank, N.A.*, 2015 WL 12862724, at *6 (S.D. Fla. Aug. 20, 2015) ("[M]oney may only be subject to a conversion claim where there exists "an obligation for the receiver to keep intact or deliver the specific money at issue.").

\*      \*      \*

**Special or "specific" deposits arise when a bank and its customer have contractually agreed to have the bank act as agent of the depositor.**

PLAINTIFFS' AUTHORITY:

*Gilbert & Caddy, P.A. v. JP Morgan Chase Bank, N.A.*, 2015 WL 12862724, at *6 n.4 (S.D. Fla. Aug. 20, 2015).

44

## Proposed Jury Instruction No. 29
### Count IV: Aiding and Abetting Conversion – Actual Knowledge

**A defendant has actual knowledge for this purpose if it has general awareness that its role was part of an overall improper activity.**

**A corporation is charged with the actual knowledge of all material facts of which its employees received notice or acquired knowledge while acting within the course of their employment, even though the employee does not in fact communicate the knowledge to the corporation or to other employees of the corporation.**

**Thus, Defendant's actual knowledge is the sum knowledge of all of its employees acquired within the scope of their employment. That means Defendant's knowledge is the totality of what all of its employees know within the scope of their employment. So, if Employee A knows one fact, B knows another fact, and C a third fact, the Defendant knows them all.**

PLAINTIFFS' AUTHORITY:

*Gillison v. Flagler Bank*, 303 So. 3d 999, 1003–04 (Fla. 4th Dist. Ct. App. 2020); *Gutter v. E.I. DuPont de Nemours*, 124 F. Supp. 2d 1291, 1309 (S.D. Fla. 2000); *United States v. Bank of New England, N.A.*, 821 F.2d 844, 856 (1st Cir. 1987); *accord Marchisio v. Carrington Mortg. Servs., LLC*, 919 F.3d 1288, 1313 (11th Cir. 2019) (knowledge of an agent received within scope of agency and authority is imputed to the principal); *Dye v. Tamko Bldg. Prods., Inc.*, 908 F.3d 675, 685 (11th Cir. 2018); *Bank of New England*, 821 F.2d at 855 (affirming charge on knowledge of Employees A, B, and C).

\*     \*     \*

*Plaintiffs must prove that Defendant had "actual knowledge" of the conversion at the time it occurred. Actual knowledge may be shown by circumstantial evidence. However, a preponderance of the evidence must prove actual awareness of the party's role in the fraudulent*

*scheme.  Proving that Defendant "should have known," or ignored "red flags," is insufficient to establish "actual knowledge."*

*A corporation has knowledge of all material facts of which its employee receives notice or acquires knowledge, even if the employee does not communicate the knowledge to the corporation or to other employees of the corporation, provided, however, that the employee is acting within the scope of his or her authority.  However, an employee's knowledge may not be imputed to the corporation if the employee is acting adversely to the corporation.  Stated another way, an employee's knowledge may be imputed to the corporation unless the employee's interest is adverse to the corporation's interest.*

DEFENDANT'S AUTHORITY:

      *Pearson et al. v. Deutsche Bank AG*, Case No. 1:21-cv-22437-BB (D.E. 184) ("When a bank is accused of aiding and abetting, a plaintiff must show that the bank had 'actual knowledge.'"); *B-Smith Enterprises, LP v. Bank of Am., N.A.*, 2023 WL 2034419, at *2 (11th Cir. Feb. 16, 2023) ("In the context of an aiding-and-abetting claim asserted against a bank, the knowledge element requires a showing that the bank had actual knowledge of the alleged wrongdoing.  Allegations that a bank should have known of the alleged breach of fiduciary duty or that a bank disregarded red flags such as atypical activities on a customer's account [are] insufficient to establish knowledge.") (alteration in original) (citations and quotations omitted); *Perlman v. Wells Fargo Bank, N.A.*, 559 F. App'x 988, 993 (11th Cir. 2014); *Chang v. JPMorgan Chase Bank*, N.A., 845 F.3d 1087, 1095 (11th Cir. 2017).

## Proposed Jury Instruction No. 30
### Count IV: Aiding and Abetting Conversion – Substantial Assistance

**"Substantial assistance occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur."**

PLAINTIFFS' AUTHORITY:

*Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1098 (11th Cir. 2017).

\*        \*        \*

*"Substantial assistance" in an aiding and abetting conversion claim occurs when a defendant affirmatively and actively participated in the alleged conversion. This means that a defendant assisted, helped conceal, or neglected a specific obligation to act, thereby enabling the conversion to occur.*

*In determining whether Defendant substantially assisted the conversion, you should consider: the nature of the acts Defendant allegedly encouraged; the amount of assistance allegedly given by Defendant; Defendant's presence or absence at the time of the alleged conversion; Defendant's relation to the companies represented by Plaintiffs; the actual knowledge and intent of Defendant; and, the amount of assistance provided by Defendant's in comparison to the wrongdoing of others.*

DEFENDANT'S AUTHORITY:

*Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1098 (11th Cir. 2017) ("Substantial assistance occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur."); *In re Cascade Int'l Sec. Litig.*, 840 F. Supp. 1558, 1566 (S.D. Fla. 1993) (dismissing claim for aiding and abetting securities fraud because "substantial assistance" element "require[s] more than allegations that the [defendant] acted as a scrivener for the client, but that the [defendant] actively participated" in the underlying fraud) (internal quotations and citation omitted); *Bruhl v. Price Waterhousecoopers Intern.*, 2007 WL 983263, at \*10 (S.D. Fla. Mar. 27, 2007) (dismissing claim for aiding and abetting fiduciary duty because plaintiffs failed to adequately allege "substantial assistance" element and citing favorably to *Cascade*).

## Proposed Jury Instruction No. 31
### Count V: Breach of Contract

Plaintiffs' fifth claim is for breach of contract.  Plaintiffs contend that Deutsche Bank AG breached the Agency Agreements, that it entered into with Note Issuers Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic by accepting late interest payments without notifying the Note Issuers.  Defendant contends it performed all of its obligations under the Agency Agreements, that it had no knowledge of the fraudulent scheme, and that the Agency Agreements contained clauses precluding liability.  I will instruct you about these contract clauses separately.

For Plaintiffs to prevail on this claim, they must prove the following by a preponderance of the evidence:

1) Defendant entered into contracts with Note Issuers Diversified Real Estate, Global Market Step Up, Preferred Income, and/or SG Strategic;

2) The Note Issuers Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic did all, or substantially all, of the essential things which the contracts required them to do;

3) All conditions required by the contracts for Defendant's performance had occurred;

4) Defendant breached a provision of the contracts by failing to do something essential which the contracts required it to do; and

5) the Note Issuers Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic were damaged by that breach.

AUTHORITY:

Florida Standard Jury Instructions—Contract and Business Cases, 416.4 & 504.1 & 504.2 (June 2021); *Balthazar Mgmt. v. Beale St. Blues Co.*, Case No. 9:17-cv-81214-BB, (D.E. 328) (S.D. Fla. Dec. 4, 2018).

## Proposed Jury Instruction No. 32
### Count VI: Negligence

**Plaintiffs' sixth claim is for negligence. Plaintiffs contend that Defendant was negligent and breached the duty of ordinary and reasonable care it owed to the Note Issuers by opening unauthorized sub-accounts, delivering assets of the Note Issuers into those accounts, allowing, and assisting the Wrongdoers to wire the Companies' assets from those accounts to hundreds of different recipients over the course of several years, failing to act upon indications of illegal activity, and helping to conceal the illegal activity.**

*Plaintiffs' sixth claim is for negligence. Plaintiffs contend that Defendant was negligent and breached the duty of ordinary and reasonable care owed to the Note Issuers by, among other things, facilitating transactions at the request of the individuals that were orchestrating the Ponzi scheme and failing to investigate suspicious transactions.*

Defendant contends that it merely provided routine banking services. Defendant also contends that it had no duty to investigate further the seemingly legitimate transactions requested by the agents of the companies.

Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under similar circumstances or failing to do something that a reasonably careful person would do under similar circumstances.

For Plaintiffs to prevail on this claim, they must prove the following by a preponderance of the evidence:

1) Defendant owed the Note Issuers a duty of care, which I previously explained and will further define in a moment;

2) Defendant breached that duty;

49

3)  The Note Issuers suffered an injury;

4)  Defendant's breach actually and proximately caused the injury.

AUTHORITY:

Florida Standard Jury Instructions—Civil Cases, 401.4 (2022); *Rodriguez v. Akal Sec., Inc.*, 534 F. App'x 921, 922 (11th Cir. 2013) ("To recover for negligence in Florida, a plaintiff must show (1) that the defendant owed the plaintiff a duty of reasonable care; (2) that the defendant breached that duty; (3) that the breach was the proximate cause of plaintiff's injury; and (4) that plaintiff suffered damages."); *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012).

## Proposed Jury Instruction No. 33
### Count VI: Negligence – Duty

**In banking, a financial institution which has received an instruction from a client in relation to cash or securities held with the institution by that client owes that client a duty to apply reasonable skill and care in and about executing the client's order.**

**If the financial institution has reasonable grounds (although not necessarily proof) for believing that an order is an attempt to misappropriate the client's assets, reasonable care requires the financial institution not to execute the order.**

**Banks owe a duty of ordinary care to their customers. However, custodian banks, such as Deutsche Bank AG, are not required to monitor, verify, or ensure the validity of transactions or to investigate transactions made by the customer's authorized agent unless specific facts or knowledge about a customer or transaction would lead an ordinarily careful bank to do so.**

**You may have heard references to the Bank Secrecy Act and similar government regulations. Those laws create obligations to the government, but not to private parties. Therefore, you may not find Deutsche Bank AG liable for failing to meet Bank Secrecy Act standards.**

PLAINTIFFS' AUTHORITY:

ECF No. [158-1] at 43–44 (*Toube* Declaration ¶¶ 106, 107.2, discussing *Quincecare* duty and citing *Barclays Bank plc v Quincecare Ltd [1992]* 4 All ER 363, *Singularis v Daiwa*, [2020] AC 1189, and *JP SPC 4 v Royal Bank of Scotland International Ltd*, [2022] 2 WLR 261); ECF No. [158-1] at 45 (*Toube* Declaration ¶ 110, citing *Barclays v Quincecare* [1992] 4 All ER 363, 376g; *Singularis v Daiwa* [2020] AC 1189 (SC), [1]).

\*      \*      \*

51

*Banks owe a duty of ordinary care to their customers.  However, banks, such as Defendant, do not owe their customers a duty to monitor, verify, or ensure the legality of transactions in the customers' accounts.  Furthermore, banks, regardless of the type of service they are providing, have no duty to investigate transactions made by the customer's authorized agent.  Banks have the right to assume that individuals who have the legal authority to manage the entity's accounts do not misuse the entity's funds.*

*[You may have heard references to the Bank Secrecy Act, anti-money laundering regulations, and Defendant's internal policies and procedures.  A bank's obligations under the Bank Secrecy Act and anti-money laundering regulations are owed to the government alone.  These laws and regulations do not create a duty of care owed to a bank's customers.  Similarly, a bank's internal policies and procedures do not create a duty to the bank's customers or third parties.  Therefore, you may not find that Defendant breached its duty of care based on any failure by Defendant or its employees to adhere to anti-money laundering laws or the Bank's policies or procedures.][8]*

DEFENDANT'S AUTHORITY:

Lamm v. State St. Bank & Tr. Co., 749 F.3d 938, 947 (11th Cir. 2014) (custodian bank without discretion to invest a customer's assets had "no independent duty to supervise transactions on a customer's account"); Wiand v. Wells Fargo Bank, N.A., 86 F. Supp. 3d 1316, 1322 (M.D. Fla. 2015), aff'd, 677 F. App'x 573 (11th Cir. 2017) ("Florida law imposes no duty on a bank to investigate transactions" and acknowledging that banking statutes do not create a private right of action for private litigants to seek enforcement and redress); Lawrence v. Bank of Am. N.A., 455 F. App'x 904, 907 (11th Cir. 2012) ("Florida law does not require banking institutions to investigate transactions."); O'Halloran v. First Union Nat'l Bank of Fla., 350 F.3d 1197, 1205 (11th Cir. 2003) ("[A] bank . . . has the right to assume that individuals who have the legal authority to handle the entity's accounts do not misuse the entity's funds."); United States v. Stoecker, 920 F. Supp. 867, 874–75 (N.D. Ill. 1996) (excluding evidence of bank's internal operating procedures and ethical standards

---

[8]      Defendant does not waive and specifically preserves its objection to the admission of evidence concerning the Bank Secrecy Act, anti-money laundering regulations, and internal bank policies.

because violations of the procedures did not constitute unlawful conduct and any such violations was not relevant to whether defendant violated the law); *In re Urethane Antitrust Litig.*, 2016 WL 475339, at *2 (D.N.J. Feb. 8, 2016) (holding that the manner in which defendant interpreted its own antitrust policies was irrelevant in antitrust case); *United States* v. *Penn*, 2022 WL 523004, at *1–2 (D. Colo. Feb. 22, 2022) (excluding antitrust training and policies as irrelevant).

## Proposed Jury Instruction No. 34
### Count VI: Negligence – Proximate & Superseding Causes

**Negligence is a legal cause of loss if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, so that it can reasonably be said that, but for the negligence, the loss would not have occurred.**

**Negligence may be a legal cause of loss even though it operates in combination with some other cause if the negligence contributes substantially to producing such loss.**

**Negligence may also be a legal cause of loss even though it operates in combination with some other cause occurring after the negligence occurs if such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such loss.**

PLAINTIFFS' AUTHORITY:

Florida Standard Jury Instructions—Civil Cases, 401.12(a) (2023)

\*       \*       \*

*As I previously instructed, proximate cause is a measure of foreseeability. A plaintiff's injury must be a foreseeable and likely result of the defendant's actions. In order for Plaintiffs to prove proximate cause for their negligence claim, there must be such a natural, direct, and continuous sequence between Defendant's act or omission and the injury allegedly suffered by the companies that Plaintiffs represent that it can reasonably be said that but for Defendant's act or omission, the injury would not have occurred.*

*A finding of proximate cause is improper where there was an intervening cause of Plaintiffs' injury, meaning another cause led to the injury.*

DEFENDANT'S AUTHORITY:

*Palma v. BP Prod. N. Am., Inc.*, 347 F. App'x 526, 527-28 (11th Cir. 2009); *Nat'l Union Fire Ins. Co. of Pittsburgh v. All Am. Freight, Inc.*, Case No. 14-cv-62262, (D.E. 104-1) (S.D. Fla. Feb. 16, 2016) (Bloom, J.) (Proposed Jury Instruction).

# Proposed Jury Instruction No. 35

## Count VI: Negligence – Economic Loss Doctrine

When a plaintiff only seeks recovery of economic losses, the duty breached in a negligence claim must be separate and apart from any breach of contractual duty.

*     *     *

<u>Therefore, if you find by a preponderance of the evidence that Deutsche Bank AG breached its contractual duties **by failing to notify the Note Issuers' director of late interest payments**, you may not also find that it was negligent based on that failure to notify.</u>

*     *     *

***Therefore, if you find by a preponderance of the evidence that Defendant breached its contractual duties, you may not also find that it was negligent based on a breach of that same contractual duty.***

AUTHORITY:

> *DeMarco v. TD Bank, N.A.*, 2013 WL 12094325, at *4 (S.D. Fla. Feb. 6, 2013) ("[w]here damages sought in tort are the same as those for breach of contract a plaintiff may not circumvent the contractual relationship by bringing an action in tort." ); *Insight Securities, Inc. v. Deutsche Bank Trust Co. Americas*, 2021 WL 3473763, at *3–4 (S.D. Fla. Aug. 6, 2021) ("[W]here the plaintiff seeks only the recovery of an economic loss . . . the duty element of negligence law serves as an important barrier to overextension of liability.").

# DEFENSES

## Proposed Jury Instruction No. 36
Defense – *Doctrines of Equal Fault*[9]

**Defendant has asserted as a defense that Plaintiffs' claims are barred by in pari delicto, which prevents a plaintiff from recovering for his or her own wrongdoing if the plaintiff is equally at fault.[10] Specifically, Defendant asserts that the Note Issuers were created for the purpose of supporting and executing the Ponzi scheme and that Deutsche Bank AG provided routine banking services to the Note Issuers without knowledge of their wrongdoing.**

**Plaintiffs contend that the Note Issuers are not prevented from recovering against the Bank because the Individual Wrongdoers' conduct was against the best interests of the Note Issuers. Specifically, Plaintiffs contend that the Individual Wrongdoers acted adversely to the Note Issuers' interests by looting the assets of the Note Issuers, leaving them with debts that they cannot pay.**

**The *in pari delicto* defense prevents a plaintiff from recovering when it participated in the wrongdoing that caused its losses and the plaintiff is equally or more at fault, compared with the defendant asserting the defense.**

**However, the *in pari delicto* defense does not apply if:**

**a.   The wrongdoing was calculated to harm the plaintiff, such as when an agent or employee of a plaintiff company steals from the company; and**

---

[9]     Defendant's Twenty-First & Twenty-Fourth Defenses.

[10]    *Pinter v. Dahl*, 486 U.S. 622, 632 (1988); *Off.l Comm. of Unsecured Credits of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1152 (11th Cir. 2006) ("In a case of equal or mutual fault . . . the position of the [defending] party . . . is the better one") (quoting *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 306(1985)).

**b.** **There is a decision-maker within the plaintiff company who did not knowingly and intentionally participate in the wrongful conduct.**

**If you find that the *in pari delicto* defense applies, then you must find for the Defendant on the Plaintiffs' claims for aiding and abetting conversion, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, negligence, and breach of contract. However, you may still consider the claim for fraudulent trading because the *in pari delicto* defense does not apply to that claim.**

PLAINTIFFS' AUTHORITY:

> Court's Order on Motions for Summary Judgment, ECF No. [184], at 29; *O'Halloran v. PricewaterhouseCoopers LLP*, 969 So. 2d 1039, 1044 (Fla. 2d Dist. Ct. App. 2007); *In re £E.S. Bankest, L.C.*, No. 04-17602-AJC, 2010 WL 1417732, at *21 (Bankr. S.D. Fla. Apr. 6, 2010).

*     *     *

*Defendant has asserted as a defense that all of Plaintiffs' claims are barred by certain doctrines which preclude a plaintiff from recovering for his or her own wrongdoing if the plaintiff is equally at fault. In addition, with respect to Count One only, a plaintiff cannot sue for damages that are caused in any respect by the wrongdoing of the Note Issuers. Defendant asserts that the Note Issuers were created for the purpose of supporting and executing the Ponzi scheme and that Defendant provided routine banking services to those companies without knowledge of their wrongdoing.*

*If you find that the companies that Plaintiffs represent participated in the wrongdoing that caused their losses, and that the companies are equally or more at fault as compared to Defendant, your verdict must be for Defendant. This defense applies to each count, and if you find for the Defendant on this defense, your verdict should be for the Defendant on each of the Plaintiffs' claims. In addition, when considering Count One, if you find that the companies the Plaintiffs represent were a cause of their own losses, your verdict must be for Defendant.*

**DEFENDANT'S AUTHORITY:**

*Pinter v. Dahl*, 486 U.S. 622, 632 (1988) ("The equitable defense of *in pari delicto*, which literally means "in equal fault," is rooted in the common-law notion that a plaintiff's recovery may be barred by his own wrongful conduct."); *Off. Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1152 (11th Cir. 2006) ("In a case of equal or mutual fault . . . the position of the [defending] party . . . is the better one"); *In re Skyway Communications Holding Corp.*, 389 B.R. 801, 809 (Bankr. M.D. Fla. 2008) ("[The *in pari delicto* defense] prohibits plaintiffs from recovering damages resulting from their own wrongdoing."); *In re AlphaStar Ins. Grp. Ltd.*, 383 B.R. 231, 274 (Bankr. S.D.N.Y. 2008) ; *In re Fairfield Sentry Ltd.*, 596 B.R. 275, 297 (Bankr. S.D.N.Y. 2018), *aff'd sub nom. Fairfield Sentry Ltd. (In Liquidation) by & through Krys v. Citibank, N.A. London*, 2022 WL 4391023 (S.D.N.Y. Sept. 22, 2022); *In re Nortel Networks, Inc.*, 469 B.R. 478, 508 (Bankr. D. Del. 2012) ("To bar a claim on *in pari delicto* grounds, a court must only determine that the parties bore substantially equal responsibility for a wrongful scheme. The court need not engage in a detailed accounting of relative fault as that is precisely the type of analysis the doctrine is meant to avoid.") (citations and quotations omitted); *Pearson v. Deutsche Bank AG*, Case No. 21-cv-22437, (D.E. 185) (S.D. Fla. Mar. 23, 2023) ("SJ Order") at 29 ("[W]here a corporation is 'wholly dominated' by wrongdoers, the corporation itself has become 'the instrument of wrongdoing.'  In this circumstance, the corporation, being a mere alter ego, "cannot be said to suffer injury from the scheme it perpetrated."") (citing *O'Halloran v. PricewaterhouseCoopers LLP*, 969 So. 2d 1039, 1045-46); SJ Order at 74 (finding that since none of the legal authorities cited by Plaintiffs support any of the arguments raised in the Toube and Mokal Declarations, it would be improper to rule that the *in pari delicto* defense does not apply to Section 147 claims).

## Proposed Jury Instruction No. 37
### Defense – Exculpatory Clauses

*Defendant asserts the defense that the Agency Agreements contain exculpatory clauses as to all of Plaintiffs' claims. Specifically, Defendant asserts that, even if you find for Plaintiffs as to any of the claims, Defendant is not liable because the Agency Agreements contain a provision that explicitly limits Defendant's liability and bars each of Plaintiffs' claims. This is known as an exculpatory clause.*

*Exculpatory clauses are unambiguous and enforceable where the intention to be relieved of liability was made clear and unequivocal and the wording was so clear and understandable that an ordinary and knowledgeable person will know what he or she is contracting away.*

*Accordingly, even if you find for Plaintiffs on any or all of the claims, Defendant cannot be liable if you find that Defendant has proven by a preponderance of the evidence that:*

    1) *The Agency Agreements prohibited liability for any causes of action arising from that agreement;*

    2) *The language of any exculpatory provision was clear and unambiguous; and*

    3) **The parties had equal bargaining power.**

*If you find that Defendant proved this affirmative defense, then your verdict must be for Defendant as to each of Plaintiffs' claims.*

DEFENDANT'S AUTHORITY:

> *Sanislo v. Give Kids the World, Inc.*, 157 So.3d 256, 260-61 (Fla. 2015) ("Exculpatory clauses are unambiguous and enforceable where the intention to be relieved from liability was made clear and unequivocal and the wording was so clear and understandable that an ordinary and knowledgeable person will know what he or she is contracting away").

\*     \*     \*

59

**Even if you find the exculpatory clause is enforceable, Defendant remains liable for direct damages, which are those damages that naturally and necessarily flow or result from a breach.**

PLAINTIFFS' AUTHORITY:

*Hardwick Props., Inc. v. Newbern*, 711 So. 2d 35, 39–40 (Fla. 1st Dist. Ct. App. 1998).

## Proposed Jury Instruction No. 38
### Defense – Equitable Estoppel[11]

*Defendant asserts the affirmative defense of equitable estoppel to all of Plaintiffs' claims.*

*For Defendant to prevail on this affirmative defense, they must prove the following by a preponderance of the evidence:*

1. *The Plaintiff Note Issuers Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic represented to Defendant that their business activities were lawful and concealed the nature of the Ponzi scheme.*

2. *Defendant relied in good faith on those representations.*

3. *Defendant's reliance on those representations caused Defendant to change their position for the worse.*

*If you find that Defendant proved this affirmative defense, then your verdict shall be for Defendant as to each of Plaintiffs' claims.*

DEFENDANT'S AUTHORITY:

Florida Standard Jury Instructions—Contract and Business Cases, 416.33 (2023); *Balthazar Mgmt. v. Beale St. Blues Co.*, Case No. 9:17-cv-81214-BB, (D.E. 328) (S.D. Fla. Dec. 4, 2018).

---

[11]   Defendant's Twenty-First Defense.

# Proposed Jury Instruction No. 39
## Defense – Unclean Hands[12]

*Defendant asserts the defense of unclean hands to all of Plaintiffs' claims.  Defendant alleges that the Plaintiff Note Issuers Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic were active participants in the Ponzi scheme, as each of these entities were owned, controlled, and utilized in connection with the individuals orchestrating the Ponzi scheme.  Defendant further alleges that since South Bay and its subsidiaries were already insolvent by the time Plaintiff Note Issuers began raising funds from third-party investors, the capital raised by those companies could not have been intended for any legitimate purpose.*

*For Defendant to prevail on this affirmative defense, it must prove the following by a preponderance of the evidence:*

1. *The Plaintiff Note Issuers Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic acted in a way that was inequitable, unfair, and/or dishonest, in essence, that the Note Issuers acted with unclean hands during its business dealings with Defendant;*

2. *The conduct of the Note Issuers was generally connected with the matter in the litigation; and*

3. *The conduct affected Defendant and it was damaged.*

*If you find that Defendant proved this affirmative defense, then your verdict shall be for Defendant as to each of Plaintiffs' claims.*

*DEFENDANT'S AUTHORITY:*

*Balthazar Management v. Beale Street Blues Company*, Case No. 9:17-cv-81214-BB, D.E. 328 (S.D. Fla. Dec. 4, 2018); *Yost v. Rieve Enters., Inc.*, 461 So. 2d 178, 184 (Fla. 1st DCA 1984); *McCollem v. Chidnese*, 832 So. 2d 194, 196 (Fla. 4th DCA 2002); *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1341 (11th Cir. 2004) ("[H]e who asks relief must have acted in good faith"); *Ocean View Towers, Inc. v. First Fidelity Sav. & Loan Ass'n*, 521 So. 2d 325, 326 (Fla. 4th DCA 1988) ("[O]ne who comes into equity must come with clean hands else

---

[12] Defendant's Twenty-First Defense.

all relief will be denied him regardless of the merits of his claim."); *Strategic Marketing Inc. v. Great Blue Heron Software,* LLC, Case No. 9:15-cv-80032-BB, (D.E. 276) (S.D. Fla. Nov. 4, 2016).

# Proposed Jury Instruction No. 40
## Defense – Waiver[13]

*Defendant asserts the affirmative defense of waiver to Plaintiffs' breach of contract claim. Defendant claims the Plaintiff Note Issuers Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic knew of and explicitly directed the activity concerning late interest payments. As a result, Defendant asserts that Plaintiff Note Issuers Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic have given up their right to assert that Defendant had any obligation to prevent late interest payments or to provide certain notifications. This affirmative defense is called "waiver."*

*If you find that Defendant had an obligation according to the terms of the Agency Agreement concerning late interest payments, then for Defendant to prevail on the affirmative defense of waiver, it must prove the following by a preponderance of the evidence:*

1. *Plaintiff Note Issuers Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic knew or should have known they had rights concerning late interest payments; and*

2. *Plaintiff Note Issuers Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic freely and intentionally gave up that right.*

*A waiver may be oral or written or may arise from conduct which shows that the Plaintiff Note Issuers Diversified Real Estate, Global Market Step Up, Preferred Income, and SG Strategic gave up their rights concerning late interest payments, then Defendant was not required to reject late interest payments or notify the Note Issuers.*

*If you find that Defendant proved this affirmative defense, then your verdict shall be for Defendant as to Plaintiffs' breach of contract claim.*

---

[13]     Defendant's Twenty-First Defense.

*DEFENDANT'S AUTHORITY:*

Florida Standard Jury Instructions—Contract and Business Cases, 416-30 (2023); *Balthazar Mgmt. v. Beale St. Blues Co.*, Case No. 9:17-cv-81214-BB, (D.E. 328) (S.D. Fla. Dec. 4, 2018).

# DAMAGES

## Proposed Jury Instruction No. 41
### Damages – Introduction

If you find for Plaintiffs on any of their claims for aiding and abetting breach of fiduciary duty, breach of fiduciary duty, aiding and abetting conversion, breach of contract, or negligence, and you do not find that one or more of Defendant's affirmative defenses applies to the claims, you must consider the matter of damages. Generally, you should award an amount of money that the preponderance of the evidence shows will fairly and adequately compensate the Plaintiffs for their damages. This is known as compensatory damages.

AUTHORITY

*Kleiman v. Wright*, Case No. 9:18-cv-80176-BB, (D.E. 800-1) (S.D. Fla. Nov. 22, 2021).

66

## Proposed Jury Instruction No. 42
### Conversion Damages

If you find that Defendant is not liable for aiding and abetting conversion, you will not consider the matter of damages for aiding and abetting conversion.  If Plaintiffs have proven the aiding and abetting conversion claim by a preponderance of the evidence, and you find that none of Defendant's defenses apply, then you should determine the amount of damages for the claim.  The owner of property that has been converted is entitled to fair value of that property at the time and place of conversion.

PLAINTIFFS' AUTHORITY:

*R&B Holding Co. v. Christopher Adver. Group, Inc.*, 994 So. 2d 329, 331 (Fla. 3d Dist. Ct. App. 2008); *Christopher Adver. Group, Inc. v. R&B Holding Co.*, 883 So. 2d 867, 871 (Fla. 3d Dist. Ct. App. 2004); *Exxon Corp. v. Ward*, 438 So. 2d 1059, 1060 (Fla. 4th Dist. Ct. App. 1983).

## Proposed Jury Instruction No. 43
### Deepening Insolvency

**Plaintiffs also seek damages for what is known as "deepening insolvency." Deepening insolvency refers to the injuries incurred due to an artificial and fraudulently prolonged life and consequent dissipation of assets of an insolvent company.**

**If you find for Plaintiffs on their aiding and abetting conversion claim, you may award damages for deepening insolvency, that is, the additional debt the Note Issuers incurred as a result of Defendant's aiding and abetting conversion. Such damages may include dissipation of corporate assets.**

PLAINTIFFS' AUTHORITY:

*Feltman v. Prudential Bache Sec.*, 122 B.R. 466, 473 (Bankr. S.D. Fla. 1990) ("The Court agrees with Plaintiffs that an artificial and fraudulently prolonged life and consequent dissipation of assets" constitutes a recognized injury for which a corporation can sue under certain conditions." (internal quotations and alterations omitted)); *In re Flagship Healthcare, Inc.*, 269 B.R. 721, 728 (Bankr. S.D. Fla. 2001) (denying motion to dismiss claim for deepening insolvency damages); *Off. Comm. of Unsecured Creditors v. R.F. Lafferty & Co.,* 267 F.3d 340, 349–50 (3d Cir. 2001).

# Proposed Jury Instruction No. 44
## Breach of Fiduciary Duty Damages

If you find that Defendant is not liable for theirs or another's breach of a fiduciary duty, you will not consider the matter of damages for breach of a fiduciary duty. If Plaintiffs prove by a preponderance of the evidence either the breach of fiduciary duty claim(s) or the aiding and abetting breach of fiduciary duty claim(s), and you find that none of Defendant's defenses apply, you should determine the total amount of damages necessary to restore the Note Issuers to the position they would have been in had the wrong not been committed.

**As with the aiding and abetting conversion claim, you may award damages for the additional debt the Note Issuers incurred as a result of Defendant's breach of fiduciary duty or their aiding and abetting another's breach.**

PLAINTIFFS' AUTHORITY:

Florida Standard Jury Instructions—Personal Injury and Property Damages: Elements, 501.1(b), 501.2(h); *DFG Group, LLC v. Heritage Manor of Mem'l Park, Inc.*, 237 So. 3d 419, 421–22 (Fla. 4th Dist. Ct. App. 2018); *GG Inv. Realty, Inc. v. S. Beach Resort Dev., LLC*, 337 So. 3d 431, 437 (Fla. 3d Dist. Ct. App. 2022); *In re Flagship Healthcare, Inc*., 269 B.R. 721, 728 (Bankr. S.D. Fla. 2001).

## Proposed Jury Instruction No. 45
### Negligence Damages

**If you find that Defendant Deutsche Bank A.G. was not negligent, you will not consider the matter of negligence damages. But if the greater weight of the evidence supports Plaintiffs' negligence claim, you should determine the amount necessary to restore Plaintiffs to the position they would be in had Defendant Deutsche Bank A.G. not been negligent.**

**As with the aiding and abetting conversion and breach of fiduciary duty claims, you may award damages for the additional debt the Note Issuers incurred as a result of Defendant's negligence.**

PLAINTIFFS' AUTHORITY:

> Florida Standard Jury Instructions—Personal Injury and Property Damages: Elements, 501.1(b), 501.2(h); *GG Inv. Realty, Inc. v. S. Beach Resort Dev., LLC*, 337 So. 3d 431, 437 (Fla. 3d Dist. Ct. App. 2022); *Ocean Elec. Co. v. Hughes Labs., Inc.*, 636 So. 2d 112, 114 (Fla. 3d Dist. Ct. App. 1994); *In re Flagship Healthcare, Inc.*, 269 B.R. 721, 728 (Bankr. S.D. Fla. 2001).

*     *     *

*If you find that Defendant was not negligent, you will not consider the matter of negligence damages.  But if you find that Plaintiffs have proven their negligence claim by a preponderance of the evidence, you should determine and write on the verdict form, in dollars, the total amount of injury which the greater weight of the evidence shows the Note Issuers sustained as a result of the injury.  You will then be asked to consider a concept known as comparative or contributory negligence.*

*Comparative or contributory negligence is a legal concept in which you consider how to apportion damages among several entities or individuals who are at fault for the alleged injury. If you find that entities or individuals other than Defendant were comparatively at fault for*

*Plaintiffs' alleged injury, that will not prevent Plaintiffs from recovering.  It will, however reduce Plaintiffs' recovery amount by the degree of those actors' culpability.  For example, if you find that the companies that Plaintiffs represent were 80% responsible for their own injury, then you must reduce their recovery amount by that percentage.  By using the number 80% as an example, I do not mean to suggest that the companies were negligent, or if they were negligent, to what degree.  That is a decision entrusted to you and it is up to you to determine the percentage, if any, of the companies' negligence or culpability.*

*Defendant asserts that the companies represented by the Plaintiffs participated in the Ponzi scheme, and those companies' behavior was a legal cause of their own injury or damage. For Defendant to prevail on the comparative negligence defense, it must prove the following by a preponderance of the evidence:*

*1)  The companies that Plaintiffs represent were at least negligent; and*

*2)  That conduct was a legal cause of the companies' own injury or damage.*

*In applying the comparative fault doctrine, the law requires you to compare any negligence or culpability you find on the part of both parties and third parties, because, in this case, Defendant asserts that the companies represented by the Plaintiffs, the individuals orchestrating the Ponzi scheme, and others contributed to the companies' injuries.*

*DEFENDANT'S AUTHORITY:*

Defendant's Eighteenth and Nineteenth Defenses; *Sowers v. R.J. Reynolds Tobacco Co.*, 975 F.3d 1112, 1135 (11th Cir. 2020) (citing Fla. Stat. § 768.81(2)); *Balthazar Mgmt. v. Beale St. Blues Co.*, Case No. 9:17-cv-81214-BB, (D.E. 328) (S.D. Fla. Dec. 4, 2018).

## Proposed Jury Instruction No. 46
### Breach of Contract Damages

If you find that Defendant is not liable for breach of contract, you will not consider the matter of damages for breach of contract.  If you find that Plaintiffs have proven their breach of contract claim by a preponderance of the evidence, and you find that none of Defendant's defenses apply, then you should determine the amount of damages to compensate the Note Issuers for the injury proximately caused by the breach of contract.  Contract damages are that amount of money which will put the Note Issuers in as good a position as they would have been if Defendant had not breached the contract(s) and which naturally result from the breach.

PLAINTIFFS' AUTHORITY:

Florida Standard Jury Instructions—Contract and Business Cases, 504.2; 4
Modern Federal Jury Instruction, Civil ¶ 77.03

## Proposed Jury Instruction No. 47
Fraudulent Trading Damages

**If you find Defendant liable for fraudulent trading, you should determine damages for fraudulent trading. If Defendant is liable for participating in fraudulent trading that resulted in the misapplication or misappropriation of the Note Issuers' assets, they are liable to make such contributions, if any, as is proper. Cayman Companies Act § 147(1). Generally, the measure of damages is the value of the assets misapplied or misappropriated.**

PLAINTIFFS' AUTHORITY:

ECF No. [58-1] at 32–33 (*Toube* Declaration ¶¶ 73, 75.1, citing *Bank of India v Morris* [2005] BCC 739 (CA), [99], and *Morphitis v. Bernasconi* [2003] Ch 552 (CA), [55]); Cayman Companies Act § 147(1).

## Proposed Jury Instruction No. 48
### Damages – Multiple Claims

*You should not award damages more than once for the same injury.  For example, if a plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him one dollar damages on each claim—he is only entitled to be made whole again, not to recover more than he has lost.  Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of the injuries.*

*DEFENDANT'S AUTHORITY:*

4 Modern Federal Jury Instructions, Civil ¶ 77.01 (2022); *Kadiyala v. Pupke*, 2021 WL 6750792, at *2 (S.D. Fla. Dec. 17, 2021) ("It is axiomatic that no duplicating recovery of damages for the same injury may be had" (internal quotation marks and citation omitted)).

# FINAL INSTRUCTIONS

## Proposed Jury Instruction No. 49
Punitive Damages—Bifurcated Procedure

There is an additional claim in this case that you must decide. If you find for Plaintiffs and against Defendant, you must decide whether punitive damages are warranted as punishment to Defendant and as a deterrent to others.

The trial of the punitive damages issue is divided into two parts. In this first part, you will decide whether the conduct of Defendant is such that punitive damages are warranted. If you decide that punitive damages are warranted, we will proceed to the second part of that issue during which the parties may present additional evidence and argument on the issue of punitive damages. I will then give you additional instructions, after which you will decide whether, in your discretion, punitive damages will be assessed and, if so, the amount.

Plaintiffs claim that punitive damages should be awarded against Defendant for its conduct in assisting in perpetuating a scheme to misappropriate the Note Issuers' assets. Punitive damages are warranted against Defendant if you find by clear and convincing evidence that Defendant were guilty of intentional misconduct or gross negligence, which was a substantial cause of damage to the Note Issuers. Under those circumstances you may, in your discretion, award punitive damages against Defendant. If clear and convincing evidence does not show such conduct by Defendant, punitive damages are not warranted against Defendant.

"Intentional misconduct" means that Defendant had actual knowledge of the wrongfulness of the conduct and there was a high probability of injury or damage to the Note

75

**Issuers and, despite that knowledge, they intentionally pursued that course of conduct, resulting in injury or damage.**

**"Gross negligence" means that Defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.**

**"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. As I have already instructed you, "greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case. "Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.**

PLAINTIFFS' AUTHORITY:

Florida Standard Jury Instructions—503.1(a)

## Proposed Jury Instruction No. 50
### Duty to Deliberate

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

AUTHORITY:

Eleventh Circuit Civil Pattern Jury Instruction 3.8.1 (2022 revision).

## Proposed Jury Instruction No. 51
### Election of Foreperson – Verdict Forms

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room.  When you have all agreed on the verdict, your foreperson must fill in the form, sign it and date it.  Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer.  The court security officer will bring it to me and I will respond as promptly as possible – either in writing or by talking to you in the courtroom.  Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response.  But I caution you not to tell me how many jurors have voted one way or the other at that time.  That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

AUTHORITY:

> Eleventh Circuit Civil Pattern Jury Instruction 3.9 (2022 revision); *Piccolo v. Piccolo*, Case No. 15-cv-62463-BB, (D.E. 137) (S.D. Fla. Oct. 21, 2016) (Bloom, J.).

## Proposed Jury Instruction No. 52
### Civil *Allen* Charge [only if requested and necessary]

Members of the Jury:

I am going to ask you to continue your deliberations to reach a verdict.  Please consider the following comments.

This is an important case. The trial has been expensive in terms of time, effort, money, and emotional strain to both the Plaintiffs and the Defendant.  If you fail to agree on a verdict, the case remains open and may have to be tried again.  A second trial would be costly to both sides, and there is no reason to believe either side can try it again better or more exhaustively than they have tried it before you.

Any future jury would be selected in the same manner and from the same source as you.  There is no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it – or that either side could produce more or clearer evidence.

It is your duty to consult with one another and to deliberate with a view to reaching an agreement – if you can do it without violating your individual judgment.  You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions or just to return a verdict.  You must each decide the case for yourself – but only after you consider the evidence with your fellow jurors.

You should not hesitate to reexamine your own views and change your opinion if you become convinced they are wrong.  To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.

79

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable.  It may not be reasonable since it makes so little impression on the minds of your fellow jurors – who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the Court's instructions on the law.  You may take all the time that you need.

I remind you that in your deliberations, you are to consider the Court's instructions as a whole.  You should not single out any part of any instructions, including this one, and ignore others.

You may now return to the jury room and continue your deliberations.

AUTHORITY:

Eleventh Circuit Civil Pattern Jury Instruction 2.8 (2022 revision).

# PHASE II: PUNITIVE DAMAGES

## Proposed Jury Instruction No. 53
Punitive Damages—Bifurcated Procedure

***(c)(1).   Opening instruction***

**Members of the jury, I am now going to tell you about the rules of law that apply to determining whether punitive damages should be assessed and, if so, in what amount. When I finish with these instructions, the parties will present additional evidence. You should consider this additional evidence along with the evidence presented, and you should decide any disputed factual issues by the greater weight of the evidence. "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.**

***(c)(2).   Punitive damages — determination of amount:***

**You are to decide the amount of punitive damages, if any, to be assessed as punishment against Defendant and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should consider the following:**

    a.  **the nature, extent and degree of misconduct and the related circumstances, including the following:**

        i.  **whether the wrongful conduct was motivated solely by unreasonable financial gain;**

        ii.  **whether, at the time of damage, Defendant had a specific intent to harm Plaintiffs and the conduct of Defendant did in fact harm Plaintiffs; and**

    b.  **the financial resources of the Defendant.**

**You may in your discretion decline to assess punitive damages. You may assess punitive damages against one defendant and not the other(s) or against more than one**

81

**defendant. Punitive damages may be assessed against different defendants in different amounts.**

*(d)*     ***Closing instruction, second stage:***

**Members of the jury, you have now heard and received all of the evidence on the issue of punitive damages. Your verdict on the issues raised by the punitive damages claim of Plaintiffs against Defendant must be based on the evidence that has been received during the trial of the first phase of this case and on the evidence that has been received in these proceedings and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice or sympathy for or against any party.**

**Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. You will be given a form of verdict, which I shall now read to you:**

**[Reading of the verdict form]**

**When you have agreed on your verdict, the foreperson, acting for the jury, should date and sign the verdict. You may now retire to consider your verdict.**

PLAINTIFFS' AUTHORITY:

Florida Standard Jury Instructions—503.1(c).

This 27th day of March, 2023.

/s/ *Harvey W. Gurland, Jr.*
Harvey W. Gurland, Jr.
Florida Bar No. 284033
*hwgurland@duanemorris.com*
Julian A. Jackson-Fannin
*jjfannin@duanemorris.com*
Florida Bar No. 93220
DUANE MORRIS LLP
201 S. Biscayne Boulevard, Suite 3400
Miami, FL 33131-4325
(305) 960-2200

David G. Januszewski (Pro Hac Vice)
*djanuszewski@cahill.com*
Anirudh Bansal (Pro Hac Vice)
*abansal@cahill.com*
Sheila C. Ramesh (Pro Hac Vice)
*sramesh@cahill.com*
Sesi V. Garimella (Pro Hac Vice)
*sgarimella@cahill.com*
Margaret A. Barone (Pro Hac Vice)
*mbarone@cahill.com*
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
(212) 701-3000

***Attorneys for Defendant Deutsche Bank AG***

/s/      *John H. Rains IV*
Frank M. Lowrey IV (*pro hac vice*)
Georgia Bar No. 410310
*lowrey@bmelaw.com*
Ronan P. Doherty (*pro hac vice*)
Georgia Bar No. 224885
*doherty@bmelaw.com*
John H. Rains IV
Florida Bar No. 0056859
Georgia Bar No. 556052
*rains@bmelaw.com*
Amanda Kay Seals (*pro hac vice*)
Georgia Bar No. 502720
*seals@bmelaw.com*
Juliana Mesa (*pro hac vice*)
Georgia Bar No. 585087
*mesa@bmelaw.com*
Zoe Beiner (*pro hac vice*)
Georgia Bar No. 878340
*beiner@bmelaw.com*
BONDURANT MIXSON & ELMORE LLP
1201 West Peachtree Street, N.W.
Suite 3900
Atlanta, Georgia 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

Eduardo F. Rodriguez
Florida Bar No. 36423
*eddie@efrlawfirm.com*
EFRLAWFIRM
1 Alhambra Plaza, Suite 1225
Coral Gables, FL 33134
Telephone: (305) 340-0034

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused to be served the foregoing **JOINT PROPOSED**

**JURY INSTRUCTIONS** by filing it with the Clerk of Court using the CM/ECF system upon

the counsel of record.

This 27th day of March, 2023.

/s/ John H. Rains IV
John H. Rains IV