UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22437-BLOOM/Otazo-Reyes

MICHAEL PEARSON, *et al.*,

    Plaintiffs,

v.

DEUTSCHE BANK AG, *et al.*,

    Defendants.
_____/

## OMNIBUS ORDER ON MOTIONS *IN LIMINE*

**THIS CAUSE** is before the Court upon Defendant's[1] Omnibus Motion *in Limine*, ECF No. [140], and Plaintiffs'[2] Motions *in Limine*, ECF No. [147] ("Motions"). Plaintiffs and Defendants each filed Responses; ECF Nos. [157] and [154], to which Defendants and Plaintiffs filed Replies, ECF Nos. [163] and [171]. The Court has carefully reviewed the Motions, the Responses, the Replies, the record in this case, and—with the benefit of oral argument on April 4, 2023—is otherwise fully advised.

The Court assumes the parties' familiarity with the issues discussed herein. The Court sets forth below its reasoning with respect to Plaintiff's motion *in limine* to exclude evidence and argument that Deutsche Bank AG is a victim; its reasoning regarding the Motions' other arguments is otherwise set forth in the transcript of the April 4, 2023 hearing.

---

[1] The Defendants in this action are Deutsche Bank AG, Deutsche Bank Trust Company Americas, Deutsche Bank Luxembourg S.A., and Deutsche Bank (Suisse) S.A. (collectively, the "Defendants"). The Court granted summary judgment in favor of Defendants as to Deutsche Bank Suisse and Deutsche Bank Lux for lack of jurisdiction. ECF No. [184] at 76. The parties stipulated that all claims against Deutsche Bank Trust Company Americas are voluntarily dismissed with prejudice. ECF No. [209]. Defendant Deutsche Bank AG is the only remaining Defendant in this action.

[2] The Plaintiffs in this action are Michael Pearson, Andrew Childe, and Anna Silver.

Case No. 21-cv-22437-BLOOM/Otazo-Reyes

In Plaintiff's Motions *in Limine*, Plaintiffs contend that evidence of and argument from indictments in the Ponzi scheme must be excluded. ECF No. [147] at 6-7. Plaintiffs specifically point to Defendants' argument in its Motion to Dismiss that Deutsche Bank was a victim of the Individual Wrongdoers' Ponzi scheme. ECF No. [25] at 8-9. In that Motion, Defendants refer to the U.S. Attorney's Office for the Eastern District of New York's indictment of three of the Individual Wrongdoers who operated the Ponzi Scheme, which alleges that Deutsche Bank Trust Company Americas was a victim of that scheme. *Id.* Plaintiffs argue the indictment's references to the Bank are inadmissible hearsay. ECF No. [147] at 9. In addition, Plaintiffs submit that any references to indictments that describe Defendants as victims have at most minimally probative value that is substantially outweighed by the risk of unfair prejudice or the jury being misled or confused. ECF No. [147] at 6-7, 8. Further, Plaintiffs contend the indictments and references to them are irrelevant to the extent that such indictments do not tend to prove that Defendants are innocent or not culpable in participating in the Ponzi scheme. *Id.* at 8-9. In response, Defendants represented that they do not intend to introduce the indictments at trial against the Individual Wrongdoers to establish the truth of the allegations contained therein. ECF No. [157] at 6 n.2.

However, at oral argument, counsel for Defendants stated that Defendants intend to characterize themselves as victims of the Ponzi scheme. In particular, counsel for Defendants stated that Defendants seek to introduce evidence that Deutsche Bank was repeatedly lied to by the Individual Wrongdoers, indictments or not. As for the indictments themselves, counsel for Defendants referred this Court to *Carrizosa v. Chiquita Brands International, Inc.*, 47 F.4th 1278 (11th Cir. 2022) wherein the Eleventh Circuit found that an indictment from Colombia was admissible as a business record under Rule 803(6) of the Federal Rules of Evidence and as a public record under Rule 803(8) of the Federal Rules of Evidence. *Carrizosa*, 47 F.4th at 1299-1300.

2

Counsel for Defendants further argued there is no "incremental prejudice" stemming from such indictments because Plaintiffs have stipulated that the Individual Wrongdoers were charged with the Ponzi scheme. *See* ECF No. [194] at 5. Counsel for Plaintiffs responded that *Carrizosa* admitted the Colombian indictment as a public record because that accusatory document resulted from factual findings and was not premised merely on allegations. As to Rule 403 prejudice, counsel for Plaintiffs argued that an allegation that Defendants were a victim of a fraud is not evidence that Defendants are not liable for the Counts asserted in this action, which include negligence, breach of fiduciary duty, and aiding and abetting. Moreover, counsel for Plaintiffs submit there is risk of unfair prejudice because an indictment has the imprimatur of a government investigation that describes Deutsche Bank as a victim and the jury may jump to the conclusion that Defendants are not liable in this action on that basis.

In *Carrizosa*, four of the plaintiffs submitted an excerpt of the Colombian indictment of a paramilitary leader that had appended to it a chart listing multiple homicides associated with that leader. *Carrizosa*, 47 F.4th at 1297. The district court excluded the indictment on the grounds that the indictment did not satisfy either Rule 803(6) or Rule 803(8). The Eleventh Circuit reversed. *Carrizosa* held that an expert witness was "another qualified witness" who could offer testimony to lay the foundation for the indictment's introduction. *Id.* at 1299-1300. Specifically, *Carrizosa* held that the expert witness demonstrated in his declaration that he had sufficient familiarity with the record-keeping system of the Colombian entity that issued the indictment to explain how the indictment came into existence. *Id.* at 1300. The Eleventh Circuit further held that the expert witness adequately demonstrated that he was "deeply familiar" with the process through which the indictment was prepared. On Rule 803(8), the Eleventh Circuit reasoned that the expert witness's affidavit established that the Colombian indictment contained factual findings from a legally

3

authorized investigation—satisfying Rule 803(8)(A)(iii)—that were the product of an independent investigation. Critically, for the purposes of Plaintiff's motion, *Carrizosa* did not consider Rule 403 objections because the district court there did not perform any Rule 403 balancing. *Id.* at 1325-26. *Carrizosa* therefore does not address Plaintiff's Rule 403 objection.

An indictment is "only a charge that itself proves nothing." *McGhee v. Joutras*, No. 94 C 7052, 1996 WL 706919, at *5 (N.D. Ill. Dec. 5, 1996). In addition, the mere fact of an indictment has minimal relevance or probative value. *Baxter Health Care Corp. v. Spectramed Inc.*, No. SA CV 89-131 AHSRWRX, 1992 WL 340763, at *4 (C.D. Cal. Aug. 27, 1992). Defendants have not articulated the relevance of any indictments that allege that Defendants are victims. The Court fails to see how an allegation that Defendants were victims is relevant to any material fact. This being the case, and considering that the "official nature" of an indictment could mislead a jury into drawing the inference that Defendants engaged in no wrongdoing, any indictments and references to indictments must be excluded under Rule 403. *Baxter*, 1992 WL 340763, at *3.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. For the reasons stated on the record, Defendant's Omnibus Motion *in Limine*, **ECF No. [140]**, is **GRANTED IN PART AND DENIED IN PART**.

    a. Plaintiffs may use the Rule 2004 deposition testimony of Floris Vreedenburgh and Scott Habura at trial.

    b. Plaintiffs are not permitted to refer to, or introduce evidence concerning, Deutsche Bank's settlements with regulators or its internal remedial measures regarding its anti-money laundering and know-your-customer policies and procedures.

    c. Plaintiffs may use Deutsche Bank's public statements concerning its anti-

> money laundering and know-your-customer policies and procedures.
>
> d. All questions, references, and arguments to the jury that could only be fairly addressed by revealing the existence of a suspicious activity report is excluded.
>
> e. Evidence of Deutsche Bank's assets, market capitalization, or other evidence implying Deutsche Bank is a wealthy company is excluded during the non-punitive damages phase of the trial.
>
> f. Plaintiff's motion *in limine* to exclude evidence of damages allegedly resulting from the improper disbursement of funds from the Deutsche Bank custody accounts—should Defendants be found liable in the Madison lawsuit prior to the trial in this case—is denied as moot.

2. Plaintiffs' Motion, **ECF No. [147]**, is **GRANTED-IN-PART AND DENIED-IN-PART**.

    a. Indictments alleging that Defendants are a victim of the Ponzi scheme in this action are excluded, as are any arguments concerning those indictments. Otherwise, Defendants may present evidence showing that the Individual Wrongdoers lied to Deutsche bank. For the reasons stated on the record:

    b. any argument that Deutsche Bank AG is not charged with the cumulative knowledge of its employees is excluded;

    c. Deutsche Bank may contradict or supplement the testimony of its Rule 30(b)(6) representatives; and

    d. any evidence or argument regarding the parties' discovery conduct is precluded.

Case No. 21-cv-22437-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 5, 2023.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:	Counsel of Record