UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22437-BLOOM/Otazo-Reyes

MICHAEL PEARSON, *et al.*,

    Plaintiffs,

v.

DEUTSCHE BANK AG, *et al.*,

    Defendants.
_____/

**ORDER ON RIGHT TO JURY DETERMINATION
REGARDING FRAUDULENT TRADING CLAIM**

**THIS CAUSE** is before the Court on Defendant's *ore tenus* Motion and Notice of Supplemental Authority ("Notice") concerning whether Plaintiffs are entitled to a jury determination on their claim for Fraudulent Trading under Section 147 of the Cayman Companies Act ("Section 147"). ECF No. [214]. The Court has reviewed the Notice, the law, the record in this case, and is otherwise fully advised.

The Court assumes the parties' familiarity with the facts in this case. At the calendar call, Defendant moved *ore tenus* to have the Court determine that Plaintiffs' claim for Fraudulent Trading under Section 147 of the Cayman Companies Act is not entitled to a jury determination. Defendant raises several points, including that the language of Section 147 forecloses Plaintiffs' right to a jury trial; Plaintiffs do not have a right to a jury trial under the Seventh Amendment because a Section 147 action is equitable in nature; and Section 147 actions are not triable before juries in Cayman Islands courts barring exceptional circumstances. *Id.* at 2-3. Alternatively, Defendant contends the contribution amount to which Plaintiffs may be entitled under Section 147 requires a fact-intensive inquiry of assessing the loss to the Companies' creditors and the degree to which individuals, including Defendant, were involved in the Ponzi scheme. *Id.* at 5-6. As such,

Case No. 21-cv-22437-BLOOM/Otazo-Reyes

Defendant claims that such analyses are ill-suited for a jury determination. *Id.*

Turning to Defendant's first argument, Section 147 provides:

(1) If in the course of the winding up of a company it appears that any business of the company has been carried on with intent to defraud creditors of the company or creditors or any other person or for any fraudulent purpose the liquidator may apply to the Court for a declaration . . . .
(2) The Court may declare that any persons who were knowingly parties to the carrying on of the business in the manner mentioned in subsection (1) are liable to make such contributions, if any, to the company's assets as the Court thinks proper.

Cayman Companies Act § 147.

By its terms, the language of Section 147 plainly does not provide for the right to a jury trial. However, the language does not foreclose Plaintiffs' right to a jury trial either. Rather, the language of Section 147 provides the Court with broad discretion to determine the contributions for which individuals liable who maintain a company for any fraudulent purpose. However, the Court's discretion is limited by the requirements of the Seventh Amendment,[1] which provides that for "suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989). As stated by the Supreme Court in *Parsons v. Bedford*, 3 Pet. 433, 446-47 (1830), the phrase "common law" as used in the Seventh Amendment was intended to stand in contrast to suits in equity. Accordingly, "common law" in this context translates into "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera, S.A.*, 492 U.S. at 41 (internal quotations, citation, and emphasis omitted). The right to a jury trial thus extends to causes of action where the statute creates legal rights and legal remedies, even when the statute does not expressly create the right to a jury trial. *Curtis v. Loether*, 415 U.S. 189, 194 (1974).

---

[1] *See* Fed. R. Civ. P. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution . . . is preserved to the parties inviolate.").

In determining whether a claim in question sounds in law or equity, courts must compare the action to "18th-century actions brought in the courts of England prior to the merger of the courts of law and equity," and second, courts must examine "the remedy sought and determine whether it is legal or equitable in nature." *Granfinanciera*, S.A., 492 U.S. at 42 (quoting *Tull*, 481 U.S. at 417-18) (internal quotations omitted); *see also Hughes v. Priderock Cap. Partners, LLC.*, 812 F. App'x 828, 833 (11th Cir. 2020).

In addressing the first *Granfinanciera* prong, Defendant contends a Section 147 claim is akin to one for contribution and, thus, an equitable claim. Defendant highlights that Section 147 speaks of "contributions," not "damages," yet provides no support demonstrating that "contributions" imply a claim for equitable contribution. ECF No. [214] at 3. As such, the Court analyzes the law Defendant provides in its Notice to identify whether an analogous 18-century action brought in the courts of England prior to the merger of the courts of law and equity exists. Defendant notes that the parties generally agree that English law interpreting Section 213 of the U.K. Insolvency Act ("Section 213") is instructive here. ECF No. [214] at 5. Defendant specifically directs this Court to *Morphitis v. Bernasconi*, [2003] EWCA Civ 289. There, Lord Chadwick discusses how Section 213 is aimed at "the carrying on of a business" for a fraudulent purpose. *Morphitis*, [2003] EWCA Civ 289, ¶ 43. The Court's research yielded no authorities recognizing an 18th-century action aimed at the carrying on of a business for a fraudulent purpose. However, because a fraudulent purpose is an element of a Section 213 claim, the Court concludes that Section 213, and thus Section 147, resemble, and therefore are analogous to, the 18th-century action of fraud. *Full Spectrum Software, Inc. v. Forte Automation Sys., Inc.*, 858 F.3d 666, 676 (1st Cir. 2017). The action of fraud appeared to have sounded both in law and equity depending on the particular circumstances of the case. *See id.* (citing 3 William Blackstone, *Commentaries* *432 ("[E]very kind of fraud is equally cognizable, and equally adverted to, in a court of law" as

in a court of equity, "and some frauds are only cognizable [in a court of law], as fraud in obtaining a devise of lands.")). That being the case, the Court's Seventh Amendment analysis turns on its assessment of Section 147 under the second *Granfinanciera* prong. *See Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 570 (1990) (considering the second *Granfinanciera* prong after concluding the action at issue left the court "in equipoise as to whether respondents are entitled to a jury trial").

In evaluating the second prong of *Granfinanciera*, the Court again looks to the English cases cited by Defendant. In *Morphitis*, Lord Chadwick reasoned that the principle on which the exercise of the power conferred by Section 213 is that "the contribution to the assets in which the company's creditors will share in the liquidation should reflect *(and compensate for) the loss which has been caused to those creditors* by the carrying on of the business which gives rise to the exercise of the power." *Morphitis*, [2003] EWCA Civ 289, ¶ 55 (emphasis added). In *Morris v. Bank of India*, [2004] EWHC 528 (Ch), Justice Patten stated,

> The power of the Court under s.213(2) to order a contribution to be made is framed in wide terms, but there has on authority to be some nexus between the loss caused to creditors as a result of the fraudulent trading and the contribution which the knowing party is required to make . . . . *[A]ny award, although essentially compensatory in nature, can only be a reasonable approximation to the damages which Respondent's conduct has caused or contributed to*. This calculation is not and cannot be a matter of exact science and some elements of it will inevitably be broad-brush. Ultimately it is a matter of judgment whether the end figure represents *reasonable compensation proportionate to BOI's role in this matter*.

*Morris v. Bank of India*, [2004] EWHC 528 (Ch), ¶ 122 (emphasis added).

Those cases describe the remedy available in Section 213, and therefore Section 147, as functionally one for "compensatory damages," which are defined as "those damages that 'will compensate the injured party for the injury sustained, and nothing more; such as will simply make good or replace the loss caused by the wrong or injury.'" *McMillian v. F.D.I.C.*, 81 F.3d 1041, 1055 (11th Cir. 1996) (citing Black's Law Dictionary (6th Ed. 1991)). Such a remedy stands in

4

contradistinction to equitable contribution, which is "meant 'to distribute equally among those who have a common obligation, the burden of performing that obligation.'" *Zurich Am. Ins. Co. v. S.-Owners Ins. Co.*, 248 F. Supp. 3d 1268, 1290 (M.D. Fla. 2017) (citing *Schrank v. Pearlman*, 683 So. 2d 559, 561 (Fla. 3d DCA 1996)). Because the Court finds none of the attributes that must be present before it may find that an action for money damages is equitable, it concludes that Section 147 provides a legal remedy. *Chauffeurs*, 494 U.S. at 570.

Thus, under the test set forth in *Granfinanciera*, a Section 147 claim is one that sounds in law. Accordingly, Plaintiffs have the right to a jury determination as to that claim.[2]

Moreover, the Court is not convinced that questions regarding the loss caused to creditors by the Ponzi scheme or the degree to which Defendant may be responsible for that loss are not susceptible to an adequately instructed jury. The British cases on which Defendant relies did not assess the capacity of juries to apportion liability or calculate damages in a fraudulent trading case. Juries can apportion liability and calculate damages generally,[3] so absent legal authority to the contrary, the Court does not agree a jury would not be capable of doing so here.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's claim for Fraudulent Trading under Section 147 of the Cayman Companies Act is entitled to a jury determination.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 7, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:    Counsel of Record

---

[2] Because the Court concludes Plaintiffs have a constitutional right to have a jury determination of their Section 147 claim, to the extent Defendant argues jury trials are prohibited under Cayman Islands statutory law barring exceptional circumstances, that argument is not meritorious. *Curtis*, 415 U.S. at 194.

[3] *Cf. McDermott, Inc. v. AmClyde*, 511 U.S. 202, 206 (1994) (jury determining and apportioning damages in an admiralty case).