UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22437-BLOOM/Otazo-Reyes

MICHAEL PEARSON, *et al.*,

    Plaintiffs,

v.

DEUTSCHE BANK AG, *et al.*,

    Defendants.
_____/

## ORDER TAXING COSTS

**THIS CAUSE** is before the Court on Plaintiffs Michael Pearson, Andrew Childe, and Anna Silver's ("Plaintiffs") Bill of Costs, ECF No. [268] ("Bill of Costs"), to which Plaintiffs attached a supporting memorandum of law, ECF No. [268-1], the Declaration of John H. Rains IV, ECF No. [268-1] ("Rains Declaration"), and exhibits. Defendant Deutsche Bank AG ("Defendant") filed a Response in opposition to the Bill of Costs, and Plaintiffs filed a Reply in support of their Bill of Costs, ECF No. [291]. The Court has reviewed the Bill of Costs, all supporting and opposing submissions, and the applicable law. For the following reasons, the Bill of Costs is granted in part and denied in part.

    **I.    BACKGROUND**

On April 25, 2023, the Court entered Final Judgment in the above-styled action. ECF No. [254]. On September 11, 2023, the Court entered its Order denying Defendant's renewed motion for judgment as a matter of law and motion for a new trial in the alternative, ECF No. [262], and granted in part and denied in part Plaintiffs' motion for prejudgment interest, ECF No. [259]. ECF No. [289].

Case No. 21-cv-22437-BLOOM/Otazo-Reyes

### A. Bill of Costs

Plaintiffs now seek to recover their costs. The Bill of Costs requests that the Clerk tax the following costs: (1) $1,402.00 in Fees of the Clerk, (2) $28,764.10 in fees for printed or electronically recorded transcripts, and (3) $138,701.34 for fees from making copies, for a total of $168,867.44. ECF No. [268].

Most relevant for the purposes of the Court's discussion, Plaintiffs seek reimbursement for their production of documents in connection with Defendant's First Set of Requests for Production to Plaintiffs, *id.* at 57-74, since "Plaintiffs are only seeking . . . incremental costs over a three-month period because that is the period during which the data was copied and prepared for production." *Id.* at 2. Attached to the Rains Declaration are three invoices from August through October 2022 for electronic discovery ("e-discovery") services performed in connection with this action. *See* Exs. K-M, ECF No. [268-1] at 46-55. Those invoices contain a line item named "Storage:STORAGE Reveal (Per GB)," which identifies a per-gigabyte (GB) of data billing rate of $18.00. *E.g.*, ECF No. [268-1] at 46. The Rains Declaration estimates that the documents produced in response to Defendant's First Set of Requests for Production to Plaintiffs amount to 7,7075.63 GB of data. *Id.* at 2. Multiplying the quantity of that data by the $18.00 per GB rate, the Rains Declaration calculates its recoverable e-discovery expenses to be $138,701.34. *Id.* One of the invoices also contains a line item named "Processing:PROCESS-NATIVE (Per GB)" for $731.50. ECF No. [268-1] at 49.

Plaintiffs contend the e-discovery expenses for which they seek reimbursement fall under 28 U.S.C. § 1920(4) as "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *See* ECF No. [268-2] ¶ 5. The Rains Declaration states that it is standard in the industry that charges for e-discovery services are billed on a per-gigabyte-of-data basis. ECF No. [268-1] at 1. According to the Rains Declaration, the e-discovery services

2

include copying data onto an e-discovery platform, "preserving" the data in a secure cloud setting, converting the data from its native format to image files such as .PDF and .TIFF files, creating load files that connect metadata to those images, marking the images with Bates numbers, and "preparing" and transmitting copies of the data for document production. *Id.* at 1-2. Plaintiffs maintain that the cost of such tasks is recoverable as the cost of making copies of any materials where the copies are necessarily obtained for use in the case under Section 1920(4). *Id.* In Plaintiffs' view, such tasks are functionally equivalent to photocopying. ECF No. [291] at 2.

### B.      Response in Opposition to the Bill of Costs

Defendant opposes the Bill of Costs to the extent that Plaintiffs seek to have taxed Plaintiffs' *pro hac vice* fees on the grounds that district courts in the Eleventh Circuit have decided that such fees are not taxable. ECF No. [290] at 8-11. Moreover, Defendant opposes taxing as "transcript fees" costs that are not trial transcript fees, standard delivery deposition transcript fees, or video costs on the grounds that those costs are not recoverable under 28 U.S.C. § 1920. *Id.*

Defendant also opposes the taxing of e-discovery fees. Defendant maintains that only costs that are necessary to duplicate an electronic document in a faithful and complete a manner can be recovered—not preparatory or ancillary costs commonly incurred leading up to, in conjunction with, or after, duplication. *Id.* at 4-5. Preparatory or ancillary costs include data hosting charges, costs incurred in preparing to copy, costs for operating an e-discovery database, and project management or user access fees. *Id.* at 5-6. Defendant further states that Plaintiffs have admitted that they are seeking preparatory or ancillary costs since they seek "incremental . . . e-discovery costs," which are not recoverable under Section 1920(4). *Id.* at 7. Finally, Defendant submits that copying costs associated with data collected but not produced are not recoverable. *Id.* In Defendant's view, because Plaintiffs have failed to distinguish recoverable from unrecoverable e-discovery costs, Plaintiffs' request to recover their e-discovery costs must be denied. *Id.* at 7-8.

C.     **Reply in Support of the Bill of Costs**

Regarding *pro hac vice* fees, Plaintiffs acknowledge the existence of a circuit split but urge the court to follow the Eighth Circuit. ECF No. [291] at 4. As for transcript fees, Plaintiffs accept Defendant's proposed reductions but request that they be allowed to recover the cost of ordering a final transcript after Plaintiffs submitted their Bill of Costs as the transcript will be necessary for the inevitable appeal in this action. *Id.* at 3.

Regarding e-discovery fees, Plaintiffs respond that the cost of copying data of documents requested by Defendant onto a database, converting that data into .TIFF format, and stamping Bates numbers on the pages are necessary costs. *Id.* at 1. Plaintiffs further argue that they should not be penalized for availing themselves of e-discovery resources where they could have produced paper copies of the vast quantities of materials produced in the litigation. *Id.* at 2.

II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002). A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011). "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Under 28 U.S.C. § 1920, a judge may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Unless otherwise prohibited, "[a] prevailing party may recover costs as a matter of course"; and "the losing party bears the burden of demonstrating that a cost is not taxable, unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009) (internal citations omitted).

### III. DISCUSSION

#### A. *Pro Hac Vice* Fees

As Defendant correctly observes, this Court has determined that *pro hac vice* fees are not a recoverable cost under Section 1920(1) on the grounds that *pro hac vice* fees are not expressly included in the statutory language. *Easterwood v. Carnival Corp.*, 2021 WL 3473184, at *7 (S.D. Fla. Aug. 6, 2021). The Eleventh Circuit has not squarely considered the issue.[1] Although the Eighth Circuit has held that a district court does not abuse its discretion in awarding *pro hac vice* fees, the Eighth Circuit acknowledged that neither Rule 52 nor Section 1920 specifically authorizes taxing *pro hac vice* fees as costs. *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009). As such, *Craftsmen Limousine* does not require the Court to tax *pro hac vice* fees. The Court declines to do so because, absent further guidance from the Eleventh Circuit or the

---

[1] *See Beck v. Prupis*, 162 F.3d 1090, 1100 (11th Cir. 1998) (finding district court did not abuse its discretion in denying costs to defendants affiliated with counsel appearing *pro hac vice*).

Case No. 21-cv-22437-BLOOM/Otazo-Reyes

Supreme Court, it discerns no reason to depart from its previous construction of Section 1920(1) to preclude *pro hac vice* fees, especially since the *pro hac vice* fee is an expense of counsel, not the client. *Exhibit Icons, LLC v. XP Cos., LLC*, No. 07-80824-CIV, 2009 WL 3877667, at *1 (S.D. Fla. 2009).

### B. Transcript Fees

Plaintiffs agree to Defendant's cost reductions for transcript fees but seek costs for their ordering of a final copy of the trial transcript for purposes of post-trial motions and appeal. However, although the burden is on Defendant to show that such a cost is not taxable, Plaintiffs' request to recover that expense was raised for the first time in reply and the requested cost is not included in the Bill of Costs. Since Defendant has not had an opportunity to respond to that argument, Plaintiffs' request is procedurally improper and the Court declines to consider it. S.D. Fla. L.R. 7.1(c)(1) (requiring that reply memorandum be "strictly limited to rebuttal of matters raised in the memorandum in opposition"). Accordingly, the Court will tax costs to the extent of the parties' agreement with respect to trial transcript fees: $3,089.10 in trial transcript fees, $7,105.25 in standard-delivery deposition transcript fees, and $7,146.50 in deposition video fees, for a total of $17,340.85. *See* ECF No. [290] at 11.

### C. E-Discovery Fees

The Court next considers the Federal Circuit's decision in *CBT Flint Partners, LLC* v. *Return Path, Inc.*, a case that the parties agree is persuasive authority on taxable costs in e-discovery expenses. There, the Federal Circuit applied Eleventh Circuit precedent that pre-dated the 2008 amendment to Section 1920 to hold that "recoverable costs under section 1920(4) are those costs necessary to duplicate an electronic document in as faithful and complete a manner as required by rule, by court order, by agreement of the parties, or otherwise." *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1328 (Fed. Cir. 2013). Specifically,

> To the extent that a party is obligated to produce (or obligated to accept) electronic documents in a particular format or with particular characteristics intact (such as metadata, color, motion, or manipulability), the costs to make duplicates in such a format or with such characteristics preserved are recoverable as "the costs of making copies . . . necessarily obtained for use in the case." 28 U.S.C. § 1920(4). But only the costs of creating the produced duplicates are included, not a number of preparatory or ancillary costs commonly incurred leading up to, in conjunction with, or after duplication.

*Id.* (footnote omitted).

The Federal Circuit broke down the document production process at issue in that case into three stages, the first stage being relevant to the Bill of Costs.[2] At the first stage, in cases where the parties must entrust document production to an e-discovery vendor, the vendor copies computer hard drives or other source media that contain requested documents and processes the whole-source images to extract individual documents while leaving the documents' original properties intact. *See id.* More particularly, in a case where the documents must be converted into a uniform production format, such as .TIFF, the vendor must perform the following steps: make a copy of a document, perform the format conversion, and transfer the converted document to production media. *Id.* at 1329. To the extent metadata must be preserved, a vendor must also apply special techniques to preserve the metadata. *Id.* The Federal Circuit concluded this first-stage production process is necessary to make "one copy" for the purposes of Section 1920(4). *Id.* at 1329-30 ("Whoever performs [these tasks], however, the steps described are all fairly included in section 1920(4) where they are, in fact, necessary to make copies of information required to be produced and not incurred just to make copies for the convenience of the producing party.").

By contrast, the Federal Circuit concluded that a host of other tasks are merely preparatory or ancillary: "project management, keyword searching, 'statistical previews,' 'auditing and

---

[2] The second and third stages involve organizing documents into a database and copying documents selected for production onto memory media or onto a secured computer. *Id.* at 1329.

7

logging of files and ensuring compliance with Federal Rules,' and 'extraction of proprietary data,' among others." *Id.* at 1331. Such tasks "are part of the large body of discovery obligations, mostly related to the document-review process, that Congress has not included in section 1920(4)." *Id.*

Accordingly, the Court's determination of whether an e-discovery expense is taxable under Section 1920(4) requires an assessment of the itemized charges on e-discovery vendor invoices. For example, as determined in another case, charges such as "Electronic Data Discovery per GB: Native Processing" and "Electronic Data Discovery per GB: TIFF Conversion," are properly recoverable. *Alexsam, Inc. v. WildCard Sys., Inc.*, No. 15-CV-61736, 2019 WL 2245420, at *7 (S.D. Fla. Feb. 13, 2019), *report and recommendation adopted*, No. 15-CV-61736, 2019 WL 1010241 (S.D. Fla. Mar. 4, 2019).

Here, the submissions and the record make plain that the voluminous number of documents in this action required Plaintiffs to avail themselves of the services of an e-discovery vendor. As such, the Federal Circuit's reasoning with respect to costs associated with e-discovery vendor services at stage one applies. Plaintiffs seek recovery of costs that—as they put it—"encompass a wide range of services," including (1) copying data into the e-discovery platform, (2) "preserving" data in a secure cloud computing setting, (3) converting data from its native format to image files, (4) creating load files that connect metadata to those images, (5) electronically marking documents with Bates numbers, and (6) "preparing" and transmitting copies. ECF No. [268-1] at 1-2. According to the Rains Declaration, such services are charged as "Storage:STORAGE Reveal (Per GB)" on the e-discovery invoices attached to that declaration. *E.g.*, ECF No. [268-1] at 46. Thus, STORAGE Reveal (Per GB) charges include both recoverable costs, such as tasks (1), (3), and (4); and unrecoverable costs—tasks (2), (5), and (6)—that are part of the large body of Plaintiffs' discovery obligations. That circumstance raises the question of whether Plaintiffs are entitled to

8

recovery of all the costs associated with the STORAGE Reveal (Per GB) charges. The answer to that question is no. As the Federal Circuit observed, the Supreme Court has stressed the narrow and modest scope of taxable costs, which are for "relatively minor, incidental expenses." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573, 132 S. Ct. 1997, 2006, 182 L. Ed. 2d 903 (2012). Given the modest and limited nature of taxable costs, and contrary to Plaintiffs' contention, an award of costs based on the undifferentiated STORAGE Reveal (Per GB) line items here would represent a windfall to Plaintiffs since those charges include costs for e-discovery steps outside the scope of Section 1920(4). *See* ECF No. [291] at 2. Although Plaintiffs frame a decision not to award their requested e-discovery costs as a penalty for not producing documents in paper format, that characterization assumes that the e-discovery tasks for which they seek reimbursement are functionally the same as photocopying. However, as the foregoing demonstrates, some of the tasks the Rains Declaration describes as e-discovery services go beyond "making copies" and include "preparing" documents.

The foregoing further demonstrates the importance of requiring e-discovery vendors to itemize charges in conformity with Section 1920. The Court's review of the e-discovery vendor's invoices reveals only one cost which is recoverable under Section 1920(4): there is a Processing: PROCESS-NATIVE (Per GB) charge which is reasonably construed as a charge for processing a native file for production, *see* ECF No. [268-1] at 49 (charging $731.50 for processing 4.18 GB at a rate of $175.00 per GB), a cost of which *CBT Flint* approves as taxable. Thus, Plaintiffs are entitled to $731.50 in Section 1940(4) costs.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Bill of Costs, **ECF No. [268]**, is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiffs are awarded **$18,072.35 in taxable costs**.

   a. Plaintiffs' request for *pro hac vice* fees is denied.

   b. Plaintiffs are awarded **$3,089.10** in trial transcript fees, **$7,105.25** in standard-delivery deposition transcript fees, and **$7,146.50** in deposition video fees.

   c. Plaintiffs are awarded **$731.50** in native file processing costs. Plaintiffs' request for other e-discovery fees is denied.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 5, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record